PECK and others vs. SCHOOL DISTRICT No. 4, TOWN OF BELOIT, and another.

EQUITY: *Jurisdiction—Restraining sale of chattels—Declaring contract void.*

Action by owners of city lots in severalty, to avoid a contract entered into by the city authorities without warrant of law, and to restrain a sale of personal property of the plaintiffs, for taxes assessed against their lots to pay the contractor. *Held,*

1. That the plaintiffs could not unite in an action merely to restrain the sales, because their interests in that respect were several.
2. That, *where the objection is properly taken,* equity will not generally restrain the sale of personal property for illegal taxes, because there is an adequate remedy at law.
3. That if that objection is not taken by answer or demurrer, the relief by injunction in such a case may be granted.
4. That the plaintiffs might properly join in a suit to avoid the contract.
5. That equity, having taken cognizance of the cause for that purpose, will also grant the other relief demanded.

APPEAL from the Circuit Court for *Rock* County.

Sec. 1, ch. 19, Laws of 1865, empowered the district board of the defendant school district, to purchase for the district " a certain new wooden building, situate," &c., for a school house, and to take a lease of the ground upon which it was situate, not exceeding one acre, " for the sum of $800 ; and also to pay for said building and lease the additional sum of $250, if, at a special meeting or the annual meeting," a majority of the qualified voters of the district should vote for the payment of such additional sum, and also vote a tax to pay the same. Sec. 2 provides that " upon the execution of a contract by the owner of such building and premises, covenanting to make a bill of sale of said premises, which shall give to said district the title to such building, and a right to said district * * to use and occupy said premises for school purposes and no other forever, when there shall have been paid to said owner the full sum of $1050, it shall be the duty of the district clerk to make out a tax list," &c. The remainder of sec. 2, and a part of sec. 3, describe the manner of making out such tax list, and the latter section further provides· that " said clerk shall thereupon apportion $800 upon the taxable property in said district." By other sections provision is made for the collection of such taxes by the treasurer of such district, in the same manner as other taxes are collected by town treasurers, &c.

This action is brought against the district and its treasurer, by six resident freeholders therein, whose personal property

had been levied upon and advertised for sale for taxes, which, · defendants claimed, were duly assessed thereon under this act. The complaint avers, *inter alia*, that the district board did not, prior to the making of the tax list, warrant or levy, purchase, or enter into any agreement to purchase, said building, or lease said ground; nor had the qualified voters of said district, at any special or annual meeting since the passage of said act, voted the payment of the additional $250 mentioned in sec. 1; nor had the owner of such building (one William Yost) executed any valid contract as described in sec. 2. The complaint then sets out at length a sealed instrument, executed February 14, 1865, by Yost and the treasurer and clerk of said district (with the seal of the district attached), by the terms of which Yost covenants and agrees for himself, his heirs &c., that when there shall have been paid him the full sum of $1050 as the consideration thereof, he will execute to the district a bill of sale of said building, and a perpetual lease of the premises on which the same is situate (describing them), which bill of sale and lease shall give said district a perfect title to said building and a right to use forever said premises for school purposes and no other; and the district, as party of the second part, in consideration of the foregoing covenants, agrees to pay Yost $800. The complaint avers that the district board had no authority to enter into this pretended agreement, and the same is void for want of proper contracting parties, and of mutuality; and that said ch. 19 is "so uncertain, indefinite and contradictory," that it is "utterly void and of no effect." Prayer, "that said pretended tax list, warrant, levy and agreement, and all the acts and doings of the said clerk and treasurer  *  *  in attempting to levy and collect said pretended tax, together with the aforesaid act of the legislature, be adjudged to be illegal and void," and that defendants be restrained from selling plaintiffs' property levied upon as aforesaid.

Defendants demurred to the complaint as not stating a cause

of action; and appealed from an order overruling the demurrer and directing judgment to be entered for the plaintiffs as prayed for.

*Todd & Converse*, for appellants:

1. Courts will not interfere by injunction to restrain the collection of a tax out of personal property. Blackwell on Tax Titles, 566; 3 Ohio, 370; *Heywood v. City of Buffalo*, 14 N. Y., 534; 9 Paige, 388; 33 Barb., 322; 2 How. Pr. R., 416; 4 id., 9 and 17; 15 id., 355, 375; 12 id., 476; 2 N. Y., 118; 16 id., 518; 26 Wend., 132; 15 Abb., 48; 1 id., 4, 79, 250; 4 E. D. Smith, 675; 4 Duer, 192; 22 Conn., 332; 18 Wis., 247. 2. The contract on the part of the district strictly conforms to sec. 1 of the act referred to; and that of Yost is in compliance with sec. 2. The district only covenants to pay $800; Yost covenants to convey on receiving $1050. The district is under no obligation to pay the $250; but has a right to do so, and to demand a conveyance thereupon. Admitting, for the sake of the argument, that secs. 1 and 2 are inconsistent; yet sec. 2 and those following it are consistent with each other and must prevail.—This statute should be construed liberally, so as to be made effectual. 9 Bacon's Ab., 251 (I.), 7. 3. Plaintiffs' right of action, if any, is several and not joint. *Newcomb v. Horton*, 18 Wis., 566; *Barnes v. Beloit*, 19 id., 93.

*Chas. G. Williams* and *A. A. Jackson*, for respondents.

DIXON, C. J. Notwithstanding the ambiguity of the act, arising out of the obscure and inconsistent provisions of the second and third sections, the intention of the legislature not to authorize the district board to contract for and pay a greater sum than $800, without the assent of a majority of the qualified voters of the district, to be expressed by a vote at a special or annual meeting, is very plain. This appears from the first section. The contract set out in the complaint is for the

payment of $1050; and it is averred that it was entered into by the board without the assent of the qualified voters, or a majority of them, given or obtained at any special or annual meeting, for the payment of the additional $250, as provided for in section one. In this the board clearly exceeded their powers, and the contract is for that reason void. There can be no doubt, in such a case, that the tax-payer may have his remedy by injunction to restrain the collection of taxes assessed, or supposed to have been assessed, for the purpose of giving effect to such void contract; but whether, after the supposed assessment, and after the warrant for the collection of the illegal taxes has been issued, two or more can join in an action to obtain such relief, is not a question necessarily involved in this case. For, assuming that they cannot, and that the objection of an excess of parties plaintiff may be raised by demurrer in this form, concerning which there is some conflict of opinion in New York (see *Walroth v. Handy*, 24 How. Pr. R., 353), still we are of opinion that this complaint presents a cause of action in which all the plaintiffs have a common interest, and for the prosecution of which they may properly join in one action. The relief demanded consists in part in having the contract entered into by the district board declared void, as well as in restraining the collection of the illegal taxes. So far as the former cause of action is concerned, that is, the annulling of the contract, the plaintiffs have properly joined, and therefore the demurrer should be overruled. But as this cause of action cannot be adjudicated in the absence of Yost, the other party to the contract, who is the person chiefly interested in sustaining the contract as against the plaintiffs, and not a party to this suit, we think the court below erred in directing final judgment for the plaintiffs. The demurrer should have been overruled, and an order entered requiring the plaintiffs to bring in Yost as a party defendant to the action. We must therefore

reverse so much of the order as directs judgment in favor of the plaintiffs, and remand the cause with directions as above stated.

*By the Court.*—Ordered accordingly.

On a motion for a rehearing, the attorneys for the appellants argued that the object of the suit was to restrain the collection of a tax out of personal property, and to have the act of the legislature above cited, and the agreement between the district and Yost, declared void.  1. Courts will not restrain the sale of personal property for taxes, both on grounds of public policy, and because there is an adequate remedy at law.  2. The complaint assumes that the act and contract are void on their face. If this be true, all proceedings by the board under them are void, and plaintiffs have a legal remedy.  An equitable action cannot be maintained for setting aside either an act of the legislature or an instrument void upon its face.  *Scott v. Onderdonk,* 14 N. Y., 9; 2 Coms., 118; 26 Wend., 132; 9 Paige, 388; 16 Wis., 269.—The respondents' counsel cited in reply to the latter point, Story's Eq. Jur., §§ 688–700, and notes; Pierce on Am. R. R. Law, 400, 508; *Dodge v. Woolsey,* 18 How. (U. S.), 331, 341; *Manderson v. Commercial Bank,* 28 Pa. St., 379.

DIXON, C. J.   The property of the plaintiffs, seized by the treasurer of the district, and which he was about to sell at public auction to satisfy the taxes, was personal, and part of the relief demanded by the complaint consisted in restraining such sale.   It is the settled rule in this court, that equity will not interfere by injunction to prevent the sale of personal property for the non-payment of a tax, where the illegality of the tax is the sole ground of complaint.   *Van Cott v. Supervisors Milwaukee County,* 18 Wis., 247; *Chicago and Northwestern R. R. Co. v. Borough of Fort Howard, ante,* p. 44.  We were in doubt as to how far this rule might have been overlooked or contravened in the former decision; and hence a rehearing was or-

dered, and the cause re-argued at this term by direction of the court, upon that point. Further argument and investigation have convinced us that our first decision was correct, and should stand as the law of the case. The ground on which equity refuses to take cognizance of and proceed in such cases, namely, that the plaintiff has an adequate remedy at law, is in no proper sense jurisdictional. The court has power to hear and determine the action, and in general will do so, unless objection in proper form be taken. This may be by demurrer to the complaint, when the objection appears upon the face of it; otherwise by answer. If not taken in one or the other of these forms, it is waived. *Tenney v. State Bank of Wisconsin*, 20 Wis., 152, and authorities there cited; *Grandin v. Le Roy*, 2 Paige, 509. This shows that it is not a question of the jurisdiction of the court over the subject matter of the action; for where that is wanting, it is well known that no consent or waiver of objection by the parties will confer it. Such an objection is never waived, but may be taken at any time, either on appeal or when the question of jurisdiction is collaterally involved. The objection that the plaintiff has an adequate remedy at law is no more than a rule of practice in the court of chancery, upon which the action will be dismissed if the attention of the court is called to it at the proper time and in the proper manner; and although it is most frequently spoken of by courts and writers as a question of jurisdiction, it is strictly inaccurate to call it so. There is no want of jurisdiction, and should the court erroneously proceed, after objection properly taken, according to its own rule, it is very clear that the judgment would not be void. It might be erroneous, and subject to reversal in a direct proceeding, but it could not be collaterally impeached or disregarded. The defendants do not make this a distinct ground of demurrer. They demur only on the ground that the complaint does not state facts sufficient to constitute a cause of action. Hence the objection that the plaint-

iffs have an adequate remedy at law is not raised, and is not before us to be considered. *Burhop v. The City of Milwaukee*, 18 Wis., 431; *Van Cott v. Supervisors of Milwaukee County*, *supra*. This alone is a sufficient answer to the question, and shows that there was no error in the former judgment.

But there is another and, as it seems to us, more satisfactory reason why the remedy by injunction should prevail in this case. The action is not instituted merely for the purpose of preventing the sale of personal property for taxes illegally assessed, which may be amply redressed by a suit at law. The principal object of the action is, to annul an unauthorized contract entered into by the district board. Upon the facts stated, there can be no doubt of the fraudulent nature of the contract, or that a court of equity will set it aside at the suit of the tax-payers of the district. The taxes are levied for the purpose of carrying that contract into effect. We are of opinion that the collection of the taxes in such a case may be stayed by injunction as a proper subsidiary ground of relief, upon the principle that the jurisdiction of the court having once rightfully attached, it shall be made effectual for all the purposes of complete relief. The court will not annul the contract and at the same time permit the officers of the district to collect the taxes, to be afterwards recovered back by a multiplicity of suits at law. It will not, when it can determine the matter, " be a handmaid to the other courts ; nor beget a suit to be ended elsewhere."

*By the Court.*—The former judgment of this court is re-affirmed, and the cause remanded as therein directed.