SHERRY, Respondent, vs. SMITH and another, Appellants.

*September 21 — October 9, 1888.*

EQUITY. *(1) Adequate remedy at law: Waiver: Demurrer* ore tenus: *(2) Restraining other action: Laches.*

1. Where the subject matter of an action is of equitable cognizance a demurrer *ore tenus* does not go to the point that the plaintiff has an adequate remedy at law, but only raises the question whether the complaint states a cause of action in equity.
2. After the commencement of an action of trespass it was permitted to sleep for nearly four years and was then noticed for trial. Shortly afterwards the defendant brought suit to restrain its further prosecution. *Held,* that the delay in bringing the latter suit was not such laches as would defeat it.

APPEAL from the Circuit Court for *Winnebago* County.

By an instrument in writing bearing date November 29, 1877, the defendant *William Smith* sold and conveyed to the plaintiff the pine timber or stumpage on ten certain parcels of land therein described, situated in Shawano county, for a consideration therein expressed of $800. Between that date and October 29, 1880, the plaintiff cut and removed from such lands from 500,000 to 700,000 feet of lumber.

On the day last named the defendant *Frederick H. Smith* commenced an action of trespass against the plaintiff to recover damages for cutting and removing the timber from five of said parcels of land. The legal title to the parcels

last named was in the said *Frederick H.* This action was commenced and prosecuted, and is controlled, by the defendant *William Smith,* but in the name of *Frederick H.,* who is his brother. It was first noticed for trial in May, 1884.

This action was commenced in October, 1884. It is an action in equity, brought to procure an adjudication declaring the conveyance of November 29, 1877, executed by *William Smith,* to be the conveyance of *Frederick H. Smith* as well, and to restrain the further prosecution of the action of the latter against the plaintiff. The grounds of this action are stated in the complaint substantially as follows: (1) That the lands, the legal title to which was in the defendant *Frederick H.,* equitably belonged to the defendant *William,* and are held by *Frederick H.* in secret trust for him; (2) that at the time of such conveyance *William* was the attorney in fact of *Frederick H.,* and acted as such in making the same, and that the proceeds of the sale of the timber on the lands claimed by *Frederick H.* were applied by *William* to the use of *Frederick H.;* (3) that the defendants conspired together to cheat and defraud the plaintiff, and such trespass suit was brought in furtherance of such conspiracy.

The defendants answered separately to the merits of the action, in substance denying the truth of the alleged cause of action.

When the cause came on for trial, the defendants objected to the introduction of any testimony under the complaint, for the alleged reason that it does not state facts sufficient to constitute a cause of action. The objection was overruled, and the trial proceeded and resulted in findings of fact which amount substantially to a finding that all the material allegations of the complaint are true. The conclusions of law are, in substance, that the plaintiff is entitled to the relief demanded in the complaint. Judgment was

ordered and entered accordingly. The defendants appeal from the judgment.

For the appellants there was a brief by *Cate, Jones & Sanborn*, and oral argument by *G. W. Cate.*

For the respondent there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper.*

LYON, J. 1. The testimony taken upon the trial is voluminous and conflicting. It was taken in so desultory and scattering a manner that it is difficult to analyze and comprehend it. This difficulty has not been lessened by the manner in which the case has been abstracted and printed. After giving the testimony the most careful examination we were able to bestow upon it, we are of the opinion that it supports the findings of the learned circuit judge. True, in making those findings, he must have disbelieved and disregarded the testimony of the defendants, and accepted as true that of the plaintiff and his witnesses. We cannot say that he erred in so doing. We shall not attempt to state the testimony, or further specify the grounds upon which we sustain the findings. That would serve no useful purpose. It must suffice to say that we cannot disturb the findings or the judgment upon the merits of the action.

2. It is maintained by counsel for the defendants with great earnestness, that the plaintiff had an adequate remedy at law, in that he might have interposed the cause of action stated in the complaint as a defense to the trespass suit of the defendant *Frederick H.* against him. Hence, he claims that the demurrer *ore tenus* should have been sustained.

It is by no means certain that such cause of action would be fully available as a defense in the trespass suit. Three parties are interested in the subject matter of this action, whereas but two of them were parties to that suit. Undoubtedly, *William Smith* is a proper party to this action. Should it be held that he is a necessary party thereto, the

cause of action here would not have been fully available as a defense in the trespass suit, to which he was not a party. We do not determine this question, however, but for the purposes of the case we assume that the plaintiff might have had the full benefit of his cause of action herein by pleading the same as a defense in the trespass suit.

The subject matter of this action is clearly of equitable cognizance. It seeks to bind one defendant by a conveyance executed by the other alone. It charges fraud and conspiracy upon both defendants, and seeks an injunction restraining them from proceeding in the trespass suit. Such being the case, the demurrer *ore tenus* does not go to the point that the plaintiff has an adequate remedy at law, but only raises the question, Does the complaint state a cause of action in equity? We have seen that it does. It has frequently been held by this court that in matters of equitable cognizance the objection that the plaintiff has an adequate remedy at law must be taken by demurrer or answer. If the defendant answers to the merits without making the objection, it ceases to be available to him. In such case the court will adjudge on the merits of the action, without regard to the fact that there is also an adequate remedy at law. See *Tenney v. State Bank*, 20 Wis. 152; *Peck v. School Dist.* 21 Wis. 516; *Sherman v. Kreul*, 42 Wis. 33; *Boorman v. Sunnuchs*, 42 Wis. 233.

3. It is further claimed that the plaintiff has been guilty of laches, by delaying four years after the trespass suit was brought before bringing this action. We think otherwise. The defendants allowed the trespass suit to sleep during the most of that time; and until the attempt was made to bring it to trial there seems to have been no emergency calling for prompt action on the part of the plaintiff. He had some reason to think that the trespass suit would not be further prosecuted. Had it not been, there would have been no necessity for bringing this action. We think it is

not a case in which the plaintiff should be punished for his delay by the loss of his action.

We conclude there is no valid reason. for disturbing the judgment.

*By the Court.*— Judgment affirmed.