BECKER, Appellant, vs. TRICKEL, Respondent.

*October 23 — November 17, 1891.*

*Sale: Rescission: Return of property.*

In an action to rescind a purchase of personal property on the ground of fraud of the vendor, the plaintiff must show that he returned or offered to return all the property.

APPEAL from the Circuit Court for *Green* County.

This action was commenced August 9, 1890, for the rescission of a contract entered into by and between the plaintiff and the defendant, June 3, 1890, whereby the plaintiff purchased of the defendant a one-half interest in the Trickel Soda-Water Factory, upon the ground that, to induce the plaintiff to make such purchase, the defendant knowingly and falsely represented to him, in effect, that said factory was doing a large and prosperous business, and was possessed of a large amount of soda-water boxes and bottles, amounting in all to 900, and that the defendant had cleared as net profits during the time he had been in the soda-water business, as represented by the defendant, a farm of 120 acres in Iowa, worth $40 per acre; that the plaintiff, relying thereon, was induced thereby to make said purchase, paying therefor $900 in cash; that, as a matter of fact, said representations were untrue; that said soda-water factory was a poor one, composed to a considerable

extent of poor bottles; and that there were not to exceed 215 boxes and bottles belonging to the factory at the time, as the defendant then well knew; and that his said one-half interest in said factory was not worth to exceed $400.

The above facts were, in effect, alleged in the complaint, to which the defendant answered upon the merits. Upon the trial the plaintiff gave some evidence tending to support the allegations of his complaint. At the close of the trial the court dismissed the bill, on the ground, as stated, that the plaintiff had a plain and adequate remedy at law, and which order of dismissal stated that it was without prejudice to the plaintiff's bringing an action at law either for the fraud simply, or to sue for the original consideration. From the judgment entered thereon the plaintiff appeals.

For the appellant the cause was submitted on the brief of *John M. Becker*.

*A. S. Douglas*, for the respondent. [No brief on file.]

CASSODAY, J. The fact that the plaintiff had an adequate remedy at law may be an insufficient reason for dismissing the complaint, since the defendant had waived that objection by answering upon the merits. *Sherry v. Smith*, 72 Wis. 342. But we are inclined to think that such dismissal was authorized upon the merits. It was not alleged in the complaint, nor proved upon the trial, that the plaintiff ever returned, or offered to return, all the property he received upon the purchase. Such property, according to his testimony, included two horses, two wagons, two sleighs, one harness, soda-water apparatus, 150 seltzers, 250 ginger-ale and 500 pop boxes and bottles; and so on. It is true, he also testified to the effect that, just before the commencement of the action, he offered "back the business" to the defendant on condition that the latter should repay him $700 of the purchase price, but that the defendant refused

to accept such offer. But that was not equivalent to a return of, or offer to return, all the property so purchased. A party seeking to rescind should make it appear affirmatively that he so returned, or offered to return, all the property received on such purchase. He cannot rescind the contract in part, and affirm it in part. *Hoffman v. King,* 70 Wis. 381. Besides, as intimated by the learned trial judge, the plaintiff was in possession, and had an opportunity for ascertaining the condition of the property purchased, for more than two months before commencing this action.

Upon the whole record, we think the trial court was justified in refusing equitable relief.

*By the Court.*— The judgment of the circuit court is affirmed.