Pierstoff vs. Jorges and another.

PIERSTOFF, Respondent, vs. JORGES and another, Appellants.

*September 11 — October 17, 1893.*

DEBTOR AND CREDITOR: EQUITY. (1, 2) *Pleading: Judgment of court of special jurisdiction: Execution.* (3) *Adequate remedy at law: Demurrer* ore tenus. (4–6) *Creditor's action: Bastardy judgment: Prior fraudulent conveyances.*

1. Under sec. 2673, R. S. (which provides that in pleading a judgment of a court of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly given or made), an allegation that plaintiff recovered a judgment against defendant and that it was duly docketed, is .*held* to be equivalent to a statement that such judgment was "duly given or made."

2. An allegation that on a day named an execution was, in due form of law, issued upon a certain judgment, to the sheriff, and that said execution was duly returned by said sheriff wholly unsatisfied, sufficiently shows that a *legal* execution had been issued on the judgment and returned unsatisfied.

3. Where the subject matter of an action is of equitable cognizance, a demurrer *ore tenus* does not go to the point that the plaintiff has an adequate remedy at law. but only raises the question whether the complaint states a cause of action in equity.

4. A judgment debtor having fraudulently transferred book accounts and other personal property, and the fraudulent vendee having collected and appropriated to his own use moneys upon said accounts and from a sale of a part of the other property, the judgment creditor may, after the return of an execution unsatisfied, maintain an equitable action under sec. 3029, R. S., even though a part of the property is still in the possession of the fraudulent vendee and might be levied upon.

Pierstoff vs. Jorges and another.

5. A creditor's action under sec. 3029, R. S., may be maintained although plaintiff's judgment is one recovered by her in bastardy proceedings against the father of her child. The equitable powers of the court will be exercised in such action to enforce and make effectual the remedy given to the mother by the statute in relation to bastardy.

6. In such action the plaintiff may attack the validity of conveyances made by the defendant prior to the recovery of the judgment in the bastardy proceedings, on the ground that they were made with intent to hinder, delay, and defraud her in the collection of any judgment which she might recover in said proceedings.

APPEAL from the Circuit Court for *Iowa* County.

On January 6, 1890, the plaintiff recovered a judgment against the defendant *Julius M. Jorges* in a bastardy action, in the municipal court of Dane county, in which it was adjudged that said *Julius M.* pay to the plaintiff $250 forthwith and certain yearly payments thereafter. That judgment was duly docketed by and with the clerk of said court. The said *Julius M.* failing to comply with such judgment, he was committed to the county jail, where he remained for about ninety days, when he was discharged therefrom on proceedings by and before a circuit court commissioner. On January 14, 1891, an execution in due form of law was issued upon said judgment against said *Julius M.* to the sheriff of said county, to recover the sum of $495.43 then due and remaining unpaid thereon, which said execution was duly returned by the sheriff, wholly unsatisfied, January 14, 1891. On October 5, 1891, a second execution was issued, in due form of law, upon said judgment against said *Julius M.*, to said sheriff, for the sum of $585.43 then due and unpaid thereon, and that execution was also duly returned by said sheriff, October 8, 1891, wholly unsatisfied.

On or about January 2, 1890, the said *Julius* transferred to his father, the defendant *Henry*, a stallion, two colts, and a number of accounts, being all the property then

owned by said *Julius* not exempt from seizure and sale on execution.  On October 9, 1891, the plaintiff filed this creditor's bill, and served the summons and complaint herein, which complaint alleged, in effect, the facts stated, and that such transfer was made by the said *Julius* to the said *Henry* with the intent on the part of both of them to hinder, delay, and defraud the creditors of the said *Julius*, and particularly this plaintiff, and prayed that such sale be set aside and declared null and void, and that the defendants be adjudged to account for all moneys collected by them, or either of them, upon the accounts and demands mentioned, and for the proceeds of the sale of any of said property, and that the same be paid over to a receiver and be applied in payment of said judgment.  To such complaint the defendants *Julius* and *Henry* separately answered, by way of admissions and denials, and set up that the transfers of said property were not fraudulent, but made in good faith, and for a *bona fide* debt owing by the said *Julius* to the said *Henry*.

Upon the trial of said issues the court found, as matters of fact, in effect, the recovery of said judgment in favor of the plaintiff and against the said *Julius*, and the issuing of the executions thereon, and the return thereof wholly unsatisfied, as mentioned; that prior to January 2, 1890, the said *Julius* was the owner and in possession of the personal property mentioned, and on that day executed and delivered a bill of sale of the same to his father, the said *Henry;* that the property included in said bill of sale, to the knowledge of the said *Julius* and the said *Henry*, was all the property of said *Julius* not exempt from seizure and sale on execution; that at the time of the execution and delivery of said bill of sale the value of said accounts thereby transferred was $105, and the value of the two colts so transferred was $50, and the value of said stallion so transferred was $250; that said *Julius* made said bill of

sale to said *Henry* with the intent and for the purpose on
the part of said *Julius* of hindering, delaying, and defraud-
ing the plaintiff in this action in the collection of any judg-
ment which she might recover in said bastardy proceedings;
that the intent and purpose of said *Julius* to so hinder,
delay, and defraud this plaintiff was at the time known to
the said *Henry* and participated in by him, and the said
*Henry* took and received the said bill of sale with the in-
tent and for the purpose, on his part, of assisting the said
*Julius* to so hinder, delay, and defraud the said plaintiff in
the collection of any judgment which she might recover by
said bastardy proceeding; that, since the execution and de-
livery of said bill of sale, said two colts have been sold and
said accounts collected to the amount of $155, and the pro-
ceeds thereof appropriated by the said Henry, and that said
stallion had considerably depreciated in value, and was
worth not to exceed $225; that all the material allegations
of the complaint were true.

As conclusions of law the court found that said sale of
said horses and accounts, January 2, 1890, from said *Julius*
to said *Henry*, was fraudulent and void as against the
plaintiff in this action; that the plaintiff is entitled to judg-
ment against the defendant *Henry* for the sum of $155,
with interest thereon from the date of such findings, and
to execution thereon and therefor, forthwith, to be col-
lected out of any property of the said *Henry*, and also is
entitled to judgment against the said *Julius* for the sum
of $225, and to execution thereon and therefor, forthwith,
against the said stallion, or any property owned by the said
*Julius*, and is also entitled to judgment against the defend-
ants for the costs and disbursements of this action, to be
collected by execution out of any property of the defend-
ants, or either of them; and judgment was ordered thereon
accordingly.   From the judgment entered accordingly the
defendants appeal.

*H. W. Chynoweth*, for the appellants, contended, *inter alia*, that the complaint was fatally defective in that it did not show a good judgment. As a pleading under the statute the complaint is clearly bad. *Roys v. Lull*, 9 Wis. 324; *Archer v. Romaine*, 14 id. 376; *Jarvis v. Robinson*, 21 id. 530. Where a judgment is not pleaded in accordance with the statute, it must be set forth with some particularity, and jurisdictional facts must be stated. *Roys v. Lull*, 9 Wis. 324; 2 Black, Judgm. sec. 965. The complaint does no show a legal execution issued on the judgment and returned unsatisfied. The statute requires that no execution shall be issued except upon motion of the mother of the child, or of a town or county interested, and by the order of the court itself. There is no allegation showing compliance with these requirements.

For the respondent there was a brief by *Erdall & Swansen*, attorneys, and *John M. Olin*, of counsel, and oral argument by *John L. Erdall*. They argued, among other things, that the municipal court of Dane county is not a court of inferior or special jurisdiction, within the meaning of sec. 2673, R. S. Secs. 2515, 2516, S. & B. Ann. Stats.; *Bookhout v. State*, 66 Wis. 415; *Raynor v. State*, 62 id. 295; *State ex rel. Le Clair v. Wright*, 80 id. 648. Though a court may be technically an inferior court or limited tribunal, yet if it has general jurisdiction of certain subjects, its proceedings and judgments in respect to those subjects will be sustained by the same liberal presumption as to jurisdiction which obtains in the case of a superior court; especially if it is a court of record and its procedure is in accordance with the course of the common law. 1 Black, Judgm. sec. 282; 1 Freeman, Judgm. sec. 122; 2 id. sec. 517; *Moffitt v. Moffitt*, 69 Ill. 641; *Johnson v. Beazley*, 65 Mo. 250, 254; *Davis v. Hudson*, 29 Minn. 27; *Stahl v. Mitchell*, 41 id. 325; *Harvey v. Tyler*, 2 Wall. 342; *Sheldon v. Newton*, 3 Ohio St. 500; *Andrews v. Avory*, 14 Gratt. 229, 236; *Delphi v. Startzman*,

Pierstoff vs. Jorges and another.

104 Ind. 343. Being a superior court, or at least one having general jurisdiction in bastardy cases, the presumption is that all acts done by the court in reference to bastardy cases are regular, and the allegation that the judgment was duly given or made is not necessary. 2 Black, Judgm. sec. 964; *Wilbur v. Abbot*, 58 N. H. 272; *Waltz v. Borroway*, 25 Ind. 380; *Hansford v. Van Auken*, 79 id. 302; *Bruckman v. Taussig*, 7 Colo. 561; *Holmes v. Campbell*, 12 Minn. 221; *Lathrop v. Stuart*, 5 McLean, 167. The complaint shows sufficiently that execution was issued. The presumption in favor of the regularity of the proceedings extends not only to the judgment but also to every act done by the court in relation to the matter. 1 Black, Judgm. sec. 270; *Cornell v. Radway*, 22 Wis. 260–265. Even assuming that the execution was not issued upon the motion of the mother, it would not be void but, at most, merely voidable. This has frequently been held with reference to executions issued upon dormant judgments without motion or leave of court. *Mariner v. Coon*, 16 Wis. 465; *Jones v. Davis*, 24 id. 229; *S. C. 22* id. 421; *Bank of Genesee v. Spencer*, 18 N. Y. 150; 4 Wait, Pr. 10. The executions being at most merely voidable could only have been attacked directly by process to set them aside. *How v. Kane*, 2 Pin. 531; *Mariner v. Coon*, 16 Wis. 465; *Williams v. Hogeboom*, 8 Paige, 469. The allegation "execution in due form was issued," is the ordinary way of pleading the issuance of an execution. 1 Abbott, Forms, 570.

CASSODAY, J. There is no question but what the municipal court had jurisdiction of the bastardy proceeding against the defendant *Julius*. Sec. 2515, R. S. That court is made by statute a court of record, with a seal. *Ibid.* And the general provisions of law which were in force relative to circuit courts and the actions and proceedings therein, unless inapplicable, and the rules of practice for

circuit courts, are by the statute made applicable to such municipal court; and it's rules of practice and proceedings are thereby required to conform, as near as practicable, to the rules and practice of the circuit courts. Sec. 2516, R. S. Upon the trial of such cause, the issue is whether the accused is guilty or not guilty; and if found guilty he is thereupon to be adjudged the father of the child, and to stand chargeable with its future maintenance in such sum and in such manner as the court directs, and also for all expenses incurred by the mother for the lying in and attendance of her during her sickness, and also for the care and support of the child from the time of its birth, and for the costs of the prosecution, as ascertained and fixed by the court and inserted in the judgment. Sec. 1535, R. S. If such father, upon the rendition of such judgment, fail to give bond as required by the statute, then he must be committed to the county jail until he complies with and performs such judgment or is otherwise discharged according to law. Sec. 1536. After such father has been so imprisoned for ninety days, he may, pursuant to the statute, be discharged according to law. Sec. 1537. Upon being so discharged from such imprisonment, the court may, on motion of the mother of the child, from time to time, order execution to issue against such father for such sum as may at any time become due thereon and remain unpaid. Sec. 1538. Such are some of the provisions of the statutes under which it is claimed that judgment in such bastardy proceeding was rendered against the defendant *Julius,* and upon which he was so committed to jail and discharged, and thereupon two such executions issued thereon against him, and were, respectively, returned wholly unsatisfied before the commencement of this action.

1. Upon the trial, counsel for the defendant objected to any evidence under the complaint, and he now contends that the complaint is fatally defective in not alleging a

valid judgment in the bastardy proceeding. The statute provides, in effect, that in pleading a judgment of a court of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly given or made, and that if such allegation be controverted the party pleading shall be bound to establish on the trial the facts conferring jurisdiction. Sec. 2673, R. S. Here the complaint alleges, in effect, that on the day named, "in an action for bastardy, in which the above-named plaintiff was the complaining witness, the said *Rosetta A. Pierstoff* recovered a judgment in the municipal court for Dane county against the defendant *Julius M. Jorges*, in which it was adjudged" as mentioned in the foregoing statement, and that on the day named "said judgment was duly docketed by the clerk of said municipal court." Such allegations are not denied by the answer of either of the defendants, nor any one of them. On the contrary, such allegations are inferentially admitted, by referring to "said judgment" as an existing, valid judgment. Such being the state of the record, we cannot hold the complaint defective in the particular mentioned. On the contrary, we think the allegation quoted is equivalent to stating that such judgment had been "duly given or made."

2. The objection that the complaint does not show that a *legal* execution had been issued on the judgment, and returned unsatisfied, is equally untenable. It is alleged that upon the day named "an execution was, in due form of law, issued against said defendant *Julius M. Jorges* upon said judgment, to the sheriff," and "that said execution was duly returned by said sheriff . . . wholly unsatisfied."

3. It is contended that the plaintiff had an adequate remedy at law. But no such issue is raised by the answer. Counsel contends that his objection to any evidence under

the complaint did raise the question, and in support of such contention he cites *Trustees of Kilbourn Lodge v. Kilbourn*, 74 Wis. 452; *Mackey v. Michelstetter*, 77 Wis. 210. But in each of those cases the question was raised by regular demurrer. This court has repeatedly held that, "where the subject matter of an action is of equitable cognizance, a demurrer *ore tenus* does not go to the point that the plaintiff has an adequate remedy at law, but only raises the question whether the complaint states a cause of action in equity." *Sherry v. Smith,* 72 Wis. 339; *Becker v. Trickel,* 80 Wis. 484.

4. But counsel for the defendants contends that the cause of action alleged is not of equitable cognizance. The claim is that either of the executions might have been levied on the property still in the possession of the fraudulent vendee, *Henry Jorges.* But the sale from *Julius* to *Henry* was not an absolute nullity. It was binding between the parties and, at most, voidable at the instance of those having debts or rights of action against *Julius.* The return of the sheriff was presumptive evidence that none of the property so held by *Henry* belonged to *Julius.* Secs. 3029, 3780, R. S. If the sheriff had any reasonable doubt as to the ownership of such property, or as to its liability to be taken on the execution, then he was not obliged to levy thereon unless the plaintiff indemnified him against any damages he might sustain by reason of such levy. Sec. 2986. Possibly, and we may say probably, the plaintiff was unable to give such security. Was she thereby prevented from enforcing her judgment? The mere fact that a party has a remedy at law is not enough to bar him from proceeding in equity, even when the question is properly raised by the pleadings, unless such remedy is an adequate remedy. The statute declares that "whenever any execution against the property of any judgment debtor shall have been issued upon a judgment for the payment of

money, and shall have been returned unsatisfied in whole or in part, the judgment creditor may commence an action against such judgment debtor, and any other person, to compel the discovery of any property or thing in action, belonging to such judgment debtor, and of any property, money, or thing in action due or held in trust for him, and to prevent the transfer" thereof, etc. Sec. 3029, R. S. This statute, upon the return of such executions wholly unsatisfied, seems to have given to the plaintiff the right to file and prosecute this creditor's bill, notwithstanding the fact that the stallion still remained in the open possession of the defendant *Henry*. But, even if this were otherwise, yet since it stands confessed that the fraudulent vendee, *Henry Jorges*, collected and appropriated to his own use $105 on the accounts, and received and appropriated to his own use $50 on the sale by him of the two colts, there can be no serious doubt but that the plaintiff was authorized to proceed by this creditor's bill to reach such things in action; and hence, in any view, the case was to that extent one of equitable cognizance, and, the court of equity having taken cognizance of the cause for that purpose, it was justified in going further and granting relief as to the stallion. *Peck v. School Dist.* 21 Wis. 516; *Hebard v. Ashland Co.* 55 Wis. 145; *Sherry v. Smith,* 72 Wis. 343; *Crump v. Ingersoll,* 47 Minn. 179.

5. It is contended that a resort to equity to collect a bastardy judgment is not permissible, that in such a case the two parties are equally at fault, and that equity will not help the one at the expense of the other. The answer is that the statute gives to the mother of the child a right of action against the father of the child, for her own benefit and protection. *Baker v. State,* 65 Wis. 54. The judgment is manifestly based upon a statutory right of action, and must therefore, until satisfied, be regarded as the conclusive evidence of an existing indebtedness.

6. The able counsel for the defendants goes still further, and contends that a bill in equity will not lie where, as here, the statute has created a right and given a remedy without providing for a bill in equity; and he cites in support of such contention cases from this as well as other courts. These cases are to the effect that, where a new right is given and a specific remedy provided by the same statute, such remedy is exclusive. *Arnet v. Milwaukee M. M. Ins. Co.* 22 Wis. 521; *Hall v. Hinckley*, 32 Wis. 368; *Smith v. Lockwood*, 34 Wis. 72. Had the plaintiff attempted to enforce her claim against the father of her child by an ordinary action, instead of proceedings in bastardy, the rule thus invoked would have been applicable. But here she resorted to the specific remedy given by statute, and has exhausted that remedy without being able to make it available at law. The nature, purpose, and scope of a creditor's bill has frequently been considered by this court. *Clark v. Bergenthal*, 52 Wis. 103; *Smith v. Weeks*, 60 Wis. 94; *Ahlhauser v. Doud*, 74 Wis. 400; *Gilbert v. Stockman*, 81 Wis. 602; *Bragg v. Gaynor*, 85 Wis. 468. This creditor's bill is merely to bring into exercise the equitable powers of the court to enforce and make effectual the remedy thus given by statute. "The ground of the jurisdiction, therefore, is, not that of a lien or charge arising by virtue of the judgment itself, but of an equity to enforce satisfaction of the judgment by means of an equitable execution." *Freedman's S. & T. Co. v. Earle*, 110 U. S. 716. "Equitable execution," said Bowen, L. J., "is equitable relief which the court gives because execution at law cannot be had." *Atkins v. Shephard*, 43 Ch. Div. 137,— where it was held that "what is commonly called equitable execution is not in fact execution, but equitable relief which is granted because there is a hindrance in the way of execution at law." In *Barker v. Dayton*, 28 Wis. 367, an execution for alimony had been returned wholly unsatisfied.

Pierstoff vs. Jorges and another.

Nevertheless, it was held, in effect, that supplementary proceedings, in their nature equitable, were available to enforce collection of the judgment, as in other cases. *Smith v. Weeks*, 60 Wis. 100. So an equitable action may be maintained to enforce a judgment for alimony. *Keyes v. Scanlan*, 63 Wis. 345. "Whenever a general rule as to property or personal rights, or injuries to either, is established by state legislation," said Mr. Justice FIELD, "its enforcement by a federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to state limitation." *Railway Co. v. Whitton*, 13 Wall. 286. This was so held where the state statute created a new right of action and then undertook to limit the remedy to the state court. See, also, *Osborn v. Ordinary of Harris Co.* 17 Ga. 123, 63 Am. Dec. 230. It would hardly be contended that a judgment recovered under such a statute could not be enforced by creditor's bill.

7. Counsel, moreover, contends that the plaintiff could in no event be regarded as a creditor of the defendant *Julius* until she had recovered her judgment, and that she did not recover that until four days after the transfers mentioned, and hence that the plaintiff is in no condition to question the validity of such transfers. But the statute expressly avoids every conveyance or assignment of any estate or interest in goods or things in action, made with the intent to hinder, delay, or defraud creditors *or other persons of their lawful actions, debts, or demands*, as against the person so hindered, delayed, or defrauded. Sec. 2320, R. S. Thus, conveyances made by a man, a short time before his marriage, in fraud of his prospective wife's right of dower, are voidable under this statute. *Jones v. Jones*, 64 Wis. 301; *S. C.* 71 Wis. 513.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.