SWEETSER and others, Respondents, vs. SILBER and others, Appellants.

*January 31 — February 23, 1894.*

*Debtor and creditor: Fraudulent conveyances: Equity.*

1. An action in equity may be maintained by judgment creditors to set aside chattel mortgages given and judgments confessed by the debtor for the purpose of defrauding the plaintiffs, the remedy at law not being adequate.

2. The objection, in an equitable action, that there is an adequate remedy at law, is waived by answering to the merits.

APPEAL from the Circuit Court for *Dodge* County.

This is an action in equity, by judgment creditors of *Jacob Silber,* to set aside as fraudulent a chattel mortgage upon a stock of goods, and certain judgments entered upon judgment notes, and execution levies thereunder upon the same goods. It appears that *Jacob Silber* was a merchant doing business at Waupun, in Dodge county, and at Brandon, Fond du Lac county. March 31, 1892, *Jacob Silber* executed a chattel mortgage upon the entire stock in the Waupun store to Silber & Sidenberg to secure notes aggregating about $1,800, with a clause permitting the mortgagor to remain in possession and sell the goods. This mortgage was not filed until May 11, 1892, at 8:10 P. M. The mortgagee *Silber* is a brother of *Jacob,* named *Louis.* At 8:50 o'clock P. M. of the same day, a judgment upon

judgment note was docketed in Dodge county for $1,219.14 and costs, in favor of said *Louis;* at 8:55 o'clock on the same day a judgment of like nature for $1,031.09 and costs was docketed in the same court in favor of *Marcus Silber,* another brother; at 9 o'clock a similar judgment in favor of one *Patton.* Upon all these judgments, executions were immediately issued, and levies made on the Waupun stock of goods, subject to the chattel mortgage. In Fond du Lac county, similar judgments were docketed May 12, 1892,— one in favor of *Marcus Silber* for $2,146.62, and two in favor of *Bernard Silber* (another brother of *Jacob*) for $1,551.32 and $1,613.12, respectively. Executions were issued immediately on these last-named judgments, and levied on the stock of goods at Brandon.

Judgments were obtained by the plaintiffs in Dodge county, May 13, 1892, and executions issued and levied on both stocks of goods.

This action is brought to set aside the mortgage, judgments, and execution levies in favor of the brothers and *Patton* as being without consideration, and because made with intent to hinder, delay, and defraud creditors. The defendants answered, denying fraud and alleging good and sufficient consideration for the mortgage and judgments so attacked.

Upon the trial, a demurrer *ore tenus* was overruled; and the court found, after hearing the testimony, that the chattel mortgage and the judgments and execution levies so attacked by the plaintiffs were fraudulent and void as to the plaintiffs because made for the purpose of hindering, delaying, and defrauding the creditors of *Jacob Silber.* The property having been sold by stipulation of all the parties, and the proceeds paid into court, judgment was entered directing that the plaintiffs be first paid the amount of their judgments out of the funds deposited in court. The defendants appeal.

Sweetser and others vs. Silber and others.

For the appellants there was a brief signed by *Rose & Bell*, and oral argument by *D. S. Rose*.

*Edward S. Bragg*, of counsel, for the respondents.

WINSLOW, J. The appellants claim that the demurrer *ore tenus* should have been sustained, because the remedy at law is adequate. It has recently been held by this court, upon full consideration, that an action in equity in such a case as the present may be maintained, and that the remedy at law is not adequate. *Gullickson v. Madsen, ante,* p. 19. Furthermore, the objection was waived by answering to the merits. *Sherry v. Smith,* 72 Wis. 339.

The only other questions presented upon this appeal are questions of fact. If the fact is, as the circuit judge found, that the mortgage and confessions of judgment were all made for the primary purpose, on both sides, of hindering, delaying, and defrauding *Jacob's* other creditors, they were unquestionably fraudulent as to such other creditors, and were rightly set aside; and the result would be the same although there might have been an honest debt in every case. *David v. Birchard,* 53 Wis. 492. A careful review of the evidence convinces us that there was ample evidence of the fraudulent character of these transactions. It is mostly circumstantial, but none the less convincing. It is entirely unnecessary to state the evidence. It must suffice to state our conclusions.

*By the Court.*— Judgment affirmed.