Hoff vs. Olson.

Hoff, Appellant, vs. Olson, Respondent.

*October 14 — November 1, 1898.*

*Equity: Remedy at law: Pleading: Waiver: Line fences: Injunction: Appeal: Bill of exceptions.*

1. The objection to a complaint in equity, that the plaintiff has an adequate remedy at law, is waived, unless taken by demurrer or answer. It cannot be raised by demurrer *ore tenus*. *Stein v. Benedict*, 83 Wis. 603, overruled.

2. The objection that the plaintiff has an adequate remedy at law does not go to the jurisdiction of a court of equity to grant relief, but, as a mere rule of practice, an action will be dismissed for that reason if the attention of the court is called to it at the proper time and in the proper manner.

3. In an action in equity to restrain the defendant from removing a line fence, a complaint which alleges that such fence is on the division line between the adjoining lands of the parties and is a regular partition fence; that its removal will cause irremediable injury to the plaintiff; and that the defendant is insolvent, is *held* to state facts sufficient to entitle the plaintiff to maintain the action, where the objection that he has an adequate remedy at law has been waived. In the absence of any allegation as to a legal division of a line fence, the presumption is that it is the common property of the adjoining owners, and that fact makes it unlawful for either, as against the other, to remove or tear it down without giving the notice required by law.

4. In determining, on appeal, upon what grounds the trial court based its decision, the supreme court will be governed by the bill of exceptions.

5. The objection that the bill of exceptions was not properly settled will not avail in the supreme court on appeal, unless it was brought to the attention of that court before the hearing on the merits, by motion to strike it from the record or in some other proper way.

APPEAL from a judgment of the circuit court for Vernon county: O. B. WYMAN, Circuit Judge. *Reversed.*

The complaint states that the plaintiff is the owner of certain premises (describing them) of which he has been in exclusive possession for more than twenty years; that defendant owned adjoining premises; that on the dividing line there has been erected and maintained for more than twenty years a partition fence, as the demarkation line between the adjoining lands; that the defendant threatens to remove said fence, to the irremediable injury of plaintiff, and he fears he will do so, unless restrained from so doing; that defendant is insolvent and execution-proof. The defendant made due answer, denying the allegations of the complaint, and alleging that the fence was not on the true line. The case came to trial before the court upon the issues so made. The defendant objected to the introduction of any evidence under the complaint, for the reason that it did not "state facts sufficient to constitute a cause of action entitling the plaintiff to equitable relief, admitting it to be true that he had an adequate remedy at law." This objection was sustained. The plaintiff asked leave to amend by setting out more fully the facts in relation to the threatened injury. Denied. Judgment was thereupon entered for defendant, from which this appeal is taken.

The cause was submitted for the appellant on a brief signed by *Higbee & Bunge,* of counsel, and for the respondent on the brief of *Smith & Griffin.*

BARDEEN, J. The reason usually assigned why a court of equity will not entertain actions of this kind is that the party seeking to prevent the threatened injury has an adequate remedy at law. Beach, Injunctions, § 1125, says: "The inadequacy of the legal remedy is the foundation and indispensable prerequisite for the interposition of chancery in such matters, for the obvious reason that a legal remedy

Hoff vs. Olson.

has been devised to redress such wrongs, and, so long as the law provides an adequate remedy, equity has no right to interfere." It is well settled in this state, however, that equity *will* interfere in such cases, and grant the desired relief, unless the plaintiff's right thereto is contested in accordance with the rules of practice in such cases. If it appears on the face of the complaint that the plaintiff has an adequate remedy at law, a demurrer may be interposed. If that fact is not apparent on the face of the pleading, or the defendant is in doubt as to its sufficiency in that respect, advantage of the insufficiency may be taken by answer. If not so taken by demurrer or answer, it is waived. The defect cannot be raised by demurrer *ore tenus* at the trial. This court has not, however, been perfectly consistent in its rulings in that regard. In *Tenney v. State Bank*, 20 Wis. 152, Chief Justice Dixon inaccurately spoke of the objection as one relating to the jurisdiction of the court, and says: "We hold that it is now too late to object to the jurisdiction of the court. The defendant, by answering and proceeding to trial upon the merits, waived it. It is well settled that the objection that the plaintiff has an adequate remedy at law must be taken in the first instance by answer." In *Peck v. School Dist. No. 4*, 21 Wis. 516, he corrected himself. He says: "The ground on which equity refuses to take cognizance of and proceed in such cases, namely, that the plaintiff has an adequate remedy at law, is in no proper sense jurisdictional. The court has power to hear and determine the action, and in general will do so, unless objection in proper form be taken. This may be by demurrer to the complaint, when the objection appears upon the face of it; otherwise by answer. If not taken in one or the other of these forms, it is waived. . . . This shows that it is not a question of the jurisdiction of the court over the subject matter of the action; for, where that is wanting, it is well known that no consent or waiver of objection by the parties will confer

Hoff vs. Olson.

it. Such an objection is never waived, but may be taken at any time, either on appeal or when the question of jurisdiction is collaterally involved. The objection that the plaintiff has an adequate remedy at law is no more than a rule of practice in the court of chancery, upon which 'the action will be dismissed if the attention of the court is called to it at the proper time and in the proper manner; and, although it is most frequently spoken of by courts and writers as a question of jurisdiction, it is strictly inaccurate to call it so." This language is quoted with approval in *State ex rel. Fowler v. Circuit Court*, 98 Wis. 143, where many decisions are cited as sustaining the rule thus laid down.

On the point of whether the objection might be raised by demurrer *ore tenus* taken at the trial, the decisions in this court are somewhat in confusion, although the later rulings are uniformly against it. In *Stein v. Benedict*, 83 Wis. 603, it was said that, " upon a demurrer *ore tenus* to a complaint which is clearly intended as a complaint in equity, the defendant may avail himself of the objection that the plaintiff has an adequate remedy at law," — citing *Trustees of Kilbourn Lodge v. Kilbourn*, 74 Wis. 452; *Avery v. Ryan*, 74 Wis. 591; *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218. These cases hardly sustain the proposition, inasmuch as the decision in each was based on a general demurrer to the complaint. The cases of *Becker v. Trickel*, 80 Wis. 484; *Sherry v. Smith*, 72 Wis. 339; *Pierstoff v. Jorges*, 86 Wis. 128; *Sweetser v. Silber*, 87 Wis. 102; *Meyer v. Garthwaite*, 92 Wis. 571; *Bigelow v. Washburn*, 98 Wis. 553,— are squarely to the point that the objection must be taken by answer or demurrer, or it is waived. *Stein v. Benedict*, so far as it holds the contrary doctrine, must be deemed to be overruled. In this connection it may be well to notice *Smith v. Oconomowoc*, 49 Wis. 694, which was an action to restrain the defendant from removing a fence and storm door in front of plaintiff's building. This case was tried on its merits, and on appeal

the judgment in favor of plaintiff was reversed on the ground that a court of equity would not entertain a suit to prevent a threatened trespass, without first having the legal right determined in an action at law. The court evidently overlooked or ignored the rule of waiver of this objection, as hereinbefore stated. The court has ample power and will exercise it, in such cases, *unless* due and timely objection is taken either by answer or demurrer. Proceeding to trial without having made the objection in proper form is a full and complete waiver thereof.

The complaint in suit states sufficient to show that the defendant threatens an unlawful invasion of the plaintiff's property rights. The fence in question is alleged to be on the line between the parties, and is a regular partition fence. In the absence of allegation as to a legal division of a line fence, the presumption as to ownership is that it is the common property of the adjoining owners. The fact that the fence is a line fence makes it unlawful for either of the adjoining owners, as against the other, to remove or tear it down without giving notice as required by sec. 1400, R. S. 1878. *Sayles v. Bemis*, 57 Wis. 315. It is possible that the complaint would have been open to the objection that the plaintiff had an adequate legal remedy, had the objection been taken by demurrer or answer. Failing to do so, it was waived, and the court should have proceeded to try and determine the case.

The respondent made the point that the objection to the complaint was sustained on the ground that it did not state facts sufficient to constitute a cause of action. In answer, we say that we must be governed by the bill of exceptions. The bill, after reciting that an objection had been interposed, says: "But the said judge decided that the objection was well taken, and that no evidence would be received to prove the issues; and no evidence was received, under the rulings of the court, on the ground that said complaint does not state

facts sufficient to constitute a cause of action entitling the plaintiff to equitable relief, but that it states a case for which the plaintiff has an adequate remedy at law." This would seem to be a sufficient answer to this contention. The facts stated, together with the alleged insolvency of the defendant, are held to be sufficient to permit the plaintiff to maintain this action, in view of the waiver as before stated.

The bill of exceptions bears the certificate of the circuit judge. If the bill was not properly settled, then it was defendant's duty to have moved to strike it out, or brought the fact to the attention of this court in some proper way, before the hearing on the merits. He cannot be permitted to take advantage of any such technical error after he has permitted the case to be called for final determination.

*By the Court.*— The judgment of the circuit court is reversed, and the case is remanded for further proceedings according to law.