SIEDSCHLAG and another, Respondents, vs. GRIFFIN, imp., Appellant.

*May 1—May 21, 1907.*

*Deeds: Sufficiency of description: Quieting title: Effect of statute: Possession by plaintiff: Lienholder under sheriff's certificate: Equity: Adequate remedy at law: Objections to evidence:* Pendente lite *purchaser: Conclusiveness of judgment.*

1. Land was described in a conveyance as "commencing at the *south-east* corner" of lot 7 in block 8 in a village according to a certain plat thereof; thence running easterly on the southern boundary of said lot to the eastern boundary line thereof; thence northerly on the easterly line twenty-four feet; thence westerly parallel with the southern boundary to a point in the western boundary twenty-four feet north of the place of beginning; thence twenty-four feet southerly on the western bound-

ary line to the place of beginning. *Held*, that the true starting point was manifestly the *southwest* corner of the lot; and that the conveyance was not void for uncertainty or ambiguity in the description.

2. Sec. 3186, Stats. (1898), authorizing an action to quiet title to real property, is not a restriction on, but an enlargement of, the powers of a court of equity.

3. Possession in plaintiff is not a requisite to maintaining an action to quiet title to real estate under sec. 3186, Stats. (1898), where plaintiff sues as a lienholder by virtue of a sheriff's certificate of sale of the land on execution.

4. In an action to quiet title, a defendant who has submitted himself to the jurisdiction of a court of equity by pleading an equitable counterclaim for the same relief cannot, by objecting to the introduction of any evidence, challenge the jurisdiction of the court on the ground that the plaintiff was out of possession and therefore had an adequate remedy at law.

5. In an action to quiet title, where defendant claimed under a land contract and deed, it appeared that after the date of the land contract, but prior to the delivery and recording thereof or of the deed, plaintiff had filed notice of *lis pendens* in an action brought by him to set aside as fraudulent the conveyances by which defendant's grantor held the land. *Held*, that under sec. 3187, Stats. (1898), defendant was a *pendente lite* purchaser, and was therefore bound by the judgment rendered in the action against his grantor.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed*.

On February 16, 1904, Annie Donnelly, then the owner and in possession of the real property in question, conveyed the same to her brother John Fox, and on the same day the latter executed back to her a land contract, in the usual form, providing for the payment to Fox of $800. On March 10, 1904, the plaintiffs docketed a judgment in Dodge county in their favor and against Annie Donnelly. Thereafter and on March 15, 1904, Annie Donnelly conveyed by deed to John Fox. On March 21, 1904, an execution upon the aforesaid judgment was levied on the real estate in question, and on July 22, 1904, the land was sold under this judgment and execution, bid in by plaintiffs, and on July 22, 1904, a certifi-

cate of sale on execution issued to the plaintiffs, which plaintiffs held at the time of the commencement of this action. The appellant, *Mary E. Griffin,* claimed under land contract from John Fox bearing date March 31, 1904, recorded May 19, 1904, and a deed bearing date May 23, 1904, recorded May 24, 1904. The complaint averred a mistake in description in the deeds of conveyance under which the judgment debtor, Donnelly, claimed title and under which Fox claimed title, and did not aver that the plaintiffs were in possession. The appellant answered to the merits and pleaded two counterclaims, seeking to quiet title in herself to the same land.

The findings of fact recite a mutual mistake in the description contained in the conveyances above mentioned, and establish the facts of the docketing of said judgment, levy on said property, and the issue of the sheriff's certificate of sale to the plaintiffs; also, that in a former action by the same plaintiffs against Fox and Donnelly judgment was on July 12, 1904, rendered in the circuit court for Dodge county in favor of the plaintiffs and against Fox and Donnelly, canceling, setting aside, and adjudging null and void as in fraud of the plaintiffs the deeds from Donnelly to Fox above mentioned, and that the appellant, *Griffin,* if she paid anything at all for her deed from John Fox, paid it after full notice of the fraudulent nature of the deeds to said John Fox and of the action brought by the plaintiffs to set aside said deeds as fraudulent. The appellant was in this case adjudged to release to the plaintiffs all claims to the premises and to pay the costs of the action. It appeared by undisputed evidence that notice of *lis pendens* in the suit above mentioned to set aside as fraudulent the deeds passing between Fox and Donnelly was duly filed on April 21, 1904. Other facts are stated in the opinion.

For the appellant there was a brief by *E. E. Brossard* and *J. C. Healy,* and oral argument by *Mr. Brossard.*

For the respondents there was a brief by *Churchill & von Briesen,* and oral argument by *Ernst von Briesen.*

TIMLIN, J.   Notwithstanding the apparent consensus of opinion among the attorneys, we cannot think that there was in any of the conveyances any description of the land in question so uncertain or ambiguous as to avoid the deed or fail to convey the land.

"The general rule is, in respect to grants, that where there are certain particulars once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken will not frustrate the grant." *Thompson v. Jones,* 4 Wis. 106.

It has often been said that a description sufficient to enable a surveyor to locate the land upon ground is a good description.  In the deeds thought to contain a defective description there was in addition to a description by metes and bounds a description in these words:

"Commencing at the southeast corner of lot No. seven (7) in block No. eight (8) in the village of Reeseville, according to the recorded plat of the village of Reeseville made by W. F. Duffy; thence running easterly on the southern boundary line of said lot to the eastern boundary line thereof; thence northerly on the easterly boundary line of said lot twenty-four (24) feet; thence westerly parallel with the southern boundary of said lot to a point in the western boundary of said lot twenty-four (24) feet north of said place of beginning; thence twenty-four (24) feet southerly on the western boundary line of said lot to said place of beginning."

The plat mentioned showed lot 7, in block 8, a parallelogram with the east and west boundary lines thereof running slightly east of north and west of south, and with the north and south boundary lines thereof deviating in the same proportion from due east and west lines.

It must be manifest that one could not commence at the southeast corner of any lot and run thence easterly on the southern boundary line thereof.   So we are at once informed that this first call is contradictory.   The statement that it commences at the southeast corner of the lot is inconsistent with

the statement that it runs easterly on the southern boundary line of the lot to the eastern boundary line thereof. The only corner at which one could commence and do this is the southwest corner. To run along the southerly boundary of a parallelogram to the intersection of the easterly boundary inevitably lands one at the southeast corner thereof. Having taken us to a point which we reached by following the southerly boundary of the lot to the eastern boundary line thereof, which is necessarily the southeast corner, we proceed northerly on the eastern boundary line of the lot twenty-four feet. From this last point we proceed westerly, and parallel with the southern boundary line of the same lot, to a point in the western boundary of said lot. This last point is described as twenty-four feet north of the said place of beginning. A point in the westerly boundary line of a parallelogram reached by a line parallel with and twenty-four feet north of its south boundary is necessarily twenty-four feet north of the southwest corner of the lot. Our further course is thence twenty-four feet southerly on the western boundary of said lot to said place of beginning. This is equivalent to saying that the southwest corner is the place of beginning. This resolves whatever doubt or ambiguity there was in the first call of the description and shows that the starting point was the southwest corner.

The findings and judgment reforming the deed, the struggle between the contending parties to patch up their titles by quitclaims, and the extended legal contest involving questions relative to reformation of the instruments were wholly unnecessary.

It is next contended that the court below erred in overruling the defendant's objection to the introduction of any evidence under the complaint, and to support this it is argued that the sheriff's certificate of sale on execution did not confer title or right of possession on the plaintiffs, and that the complaint fails to allege that the plaintiffs are in possession or that the

land is vacant or unoccupied.   These objections indicate some
degree of confusion or misunderstanding on this subject.   In
the first place, sec. 3186, Stats. (1898), is not a restriction
upon, but an enlargement of, the powers of a court of equity.
*Hart v. Smith,* 44 Wis. 213; *Pier v. Fond du Lac,* 38 Wis.
470; *Ahlhauser v. Doud,* 74 Wis. 400, 43 N. W. 169, and
cases cited at page 408.

Next, it has been decided by this court that one having
secured a lien on real estate by virtue of a levy thereon by at-
tachment is entitled to maintain an action under sec. 3186,
R. S. 1878, which is the same as sec. 3186, Stats. (1898), in
this respect.   *Evans v. Laughton,* 69 Wis. 138, 33 N. W. 573.
Also upon an execution levy before sale made or certificate of
sale issued.   *Galloway v. Hamilton,* 68 Wis. 651, 32 N. W.
636.   The right exists in this latter case (levy of execution)
independently of sec. 3186.   *Ahlhauser v. Doud,* 74 Wis. 400,
43 N. W. 169.   And in the very case where the plaintiff held
a sheriff's certificate of sale of real estate on execution it was
held that the plaintiff could maintain this action under sec.
3186.   *Keyes v. Scanlan,* 63 Wis. 345, 23 N. W. 570.   In
case the plaintiff claims to maintain the action as a lienholder,
possession on his part is not a requisite.   Besides, this objec-
tion goes to the question of remedy at law and could not be
raised on objection to evidence.   *Hoff v. Olson,* 101 Wis. 118,
76 N. W. 1121; *State ex rel. Fowler v. Circuit Court,* 98 Wis.
143, 73 N. W. 788; *Becker v. Trickel,* 80 Wis. 484, 50 N.
W. 406; *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704;
*Sweetser v. Silber,* 87 Wis. 102, 58 N. W. 239.   Here the
defendant, having submitted to a court of equity and having
herself an equitable counterclaim for the same relief, could
hardly expect by objection to evidence to successfully chal-
lenge the jurisdiction of a court of equity on the ground that
the plaintiffs were out of possession and therefore had an ade-
quate remedy at law.   We find no invalidity in the sheriff's
certificate of sale.

The general findings of the circuit court that the land contract from Fox to the appellant was not executed until April 2, 1904, and that the consideration thereof, if paid at all, was paid after the appellant had full notice of the fraudulent nature of the deeds to John Fox and of the action brought by the plaintiffs to set aside said deeds as fraudulent, we consider amply sustained by the evidence. When the action in favor of the plaintiffs and against Donnelly and Fox was brought and when *lis pendens* was filed therein on April 21, 1904, the appellant had no title on record to this land. The evidence would warrant a finding that she had at this time received no delivery of her land contract and that that was not delivered until after May 16, 1904, and of course she had no deed. The action in which *lis pendens* was filed went on to judgment, and the appellant was in any event clearly within the provisions of sec. 3187, Stats. (1898), which provides that "every purchaser or incumbrancer whose conveyance or incumbrance is not recorded or filed shall be deemed a subsequent purchaser or incumbrancer and shall be bound by the proceedings in the action to the same extent and in the same manner as if he were a party thereto." The appellant was therefore bound by the proceedings in the action against Donnelly and Fox to set aside their deeds as void, and she was bound by the judgment entered therein to the same extent as Donnelly and Fox were bound by that judgment. That judgment canceled up the deed of her grantor, and with that went her title recorded or acquired after the filing of *lis pendens*. Although the evidence sufficiently sustains the finding of the circuit court, yet nothing more was necessary than the introduction of the judgment last mentioned, the proof of filing *lis pendens,* and proof that the appellant recorded title after such filing in order to make a case against her for the relief sought in this action. Her alleged possession by attornment of the person who was in as tenant of Fox and Donnelly could not take any effect prior to the delivery to her of her deeds of

conveyance or land contract, and, as we believe, that occurred after the filing of *lis pendens* in the action against Donnelly and Fox, and of course she does not claim title under that person.

Several errors are assigned on details of evidence, such as finding that Venie was the agent of the appellant; that the judgment entered against Donnelly was on default in the payment of the purchase price of lot A, and such like. We regard these as unimportant details upon which the judgment appealed from in no wise rests and upon which the rights of the parties in no wise depend.

The judgment of the circuit court should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.