CARROLL, Respondent, vs. LITTLE, Appellant.
CARROLL, Appellant, vs. LITTLE, Respondent.

*November 12 — December 4, 1889.*

*Appeal to S. C.: Findings: Review of evidence: Sufficiency of exceptions: Printed case: Partnership: Accounting: Interest.*

1. Where the violation by one partner of the partnership agreement has caused great confusion and conflict in the accounts, findings of a referee and the trial court, in an action for an accounting, against allowing items in favor of such partner, will not be disturbed unless contrary to the clear weight of evidence.

2. In such a case, it not being shown that an item for which the appellant was entitled to credit was overlooked by the referee in footing up the various sums in the statement of an account, the court declines to disturb the account stated.

3. An exception " to the allowance of each and all the items mentioned in Schedule A, and the charging of each of them to the defendant," where such schedule contains a large number of items many of which are not disputed, is not sufficiently specific, and the court will not review the evidence thereon.

Carroll vs. Little.

4. The printed case herein containing a mass of immaterial testimony, but as to the points in dispute being so lacking in fullness and accuracy that resort must be had to the manuscript bill of exceptions, this court declines to review the alleged errors.

5. The allowance of interest in taking partnership accounts depends upon the circumstances of each particular case. Upon the facts in this case, there having been no agreement between the parties as to allowing or charging interest prior to the ascertainment of balances, it is *held* that the plaintiff should have interest on the amount found due him from the commencement of the suit.

APPEAL from the Circuit Court for *Rock* County.

Action for the dissolution of a partnership and for an accounting. The facts will sufficiently appear from the opinion. Both parties appeal from the judgment.

For the plaintiff there were briefs by *A. Hyatt Smith*, attorney, and *M. G. Jeffris*, of counsel, and oral argument by *Mr. Jeffris*. They argued, among other things, that the defendant should have been charged with interest on the sum of money which he had in his hands belonging to the firm from the day they ceased to do business to the date of the report of the referee. *Crabtree v. Randall*, 133 Mass. 552; *Gridley v. Conner*, 2 La. Ann. 87; *Hite v. Hite*, 1 B. Mon. 177–180. Indeed, he should be charged with interest from the time he received the money and, contrary to the partnership agreement, deposited it in his own name or converted it to his own use. *Dunlap v. Watson*, 124 Mass. 305; *Washburn v. Goodman*, 17 Pick. 519; 1 Suth. on Dam. 534, 596; *Honore v. Colmesnil*, 7 Dana, 199; *Taylor v. Young's Adm'rs*, 2 Bush, 428; *Stoughton v. Lynch*, 2 Johns. Ch. 210. Interest should be allowed to the plaintiff on the sum that was due him from the firm from the time the partnership ceased to do business until the date of the referee's report. See authorities cited above. A partner is entitled to interest on the advances to the firm. *Morris v. Allen*, 14 N. J. Eq. 44; *Ex parte Chippendale*, 4 DeG., M. & G. 36; *In re German Mining Co.* 19 Eng. L. & Eq. 591.

Carroll vs. Little.

For the defendant there was a brief by *John Winans* and *Smith & Pierce*, and oral argument by *C. E. Pierce*.

COLE, C. J.    These are cross-appeals from the same judgment.    The parties formed a partnership for the purpose of buying and selling live-stock, sheep, and swine, etc.,— the profits to be shared equally.    The partnership commenced about October 10, 1876, and continued to February 24, 1879, when they ceased doing business by mutual consent.    The action is for a dissolution of the partnership, and for an accounting as to the partnership transactions.    The cause was referred to a referee, to hear, try, and determine.    On the hearing of the testimony the referee allowed some items in the account of the respective parties which the other side objected to and claims should not have been allowed; while he disallowed other items, which each claimed he should have been credited with.

The referee, among other things, found that the parties agreed that their bank-account should be kept at the First National Bank of Janesville, in the name of the plaintiff, *Carroll;* that all funds of the firm should be deposited there, and that the plaintiff should draw all the checks, and keep the books of the partnership transactions; that the defendant, *Little,* should attend to the shipments and sales of cattle; that the plaintiff's bank-book with said bank was adopted as the bank-book of the firm, and that the firm deposits which were made in the said bank were entered upon this book; that no other firm books were kept except this bank-book, check-books, and auction-book. The referee also found that in making sales of the property of the firm the defendant did, contrary to the partnership agreement, appropriate to his own use large sums of the money of the firm, part of which he deposited in his own name in the bank, without the knowledge of *Carroll,* and that this caused great confusion and conflict in the accounts, render-

ing it difficult to ascertain how much of said money was restored to the firm and how much still remained in the possession of the defendant. These findings as to the manner in which the accounts of the firm were kept, and of the failure of the defendant to deposit in the bank all firm money which came into his hands from the sales of cattle, are conclusively established and warranted by the evidence. The true state of the accounts could have been readily ascertained had the defendant reported all sales of firm property and made deposits of firm money as he should have done. If he is not credited in the accounting with all items which should have been allowed him, or items have been disallowed which he should have had credit for, it is attributable mainly to his own fault in not observing the agreement. Under the circumstances, no claim should be allowed in his favor which is not established by satisfactory proof; and, where the findings of the referee and of the circuit court are against allowing any item in his favor, such findings will not be disturbed unless it appears they were contrary to the clear weight of evidence. Plausible arguments or ingenious inferences cannot destroy them, nor can they be set aside on mere probabilities. The application of these general remarks will be apparent as we proceed in the examination of the case.

We will first consider the appeal of the defendant; and as to that appeal it is objected that he has taken no such exception to the findings of the referee and of the circuit court as will enable us to review the points he makes. He claims that he was erroneously charged with certain items in the accounting, and failed to receive credit for other items, so that he was brought in debt to the firm, when he should not have been on a fair and just accounting. There are two schedules annexed to the report of the referee, each stating a great number of items of debit and credit which the referee found each partner should be charged

with.    The defendant excepted to the report of the referee, and renewed his objections in the circuit court to so much of the report as reads as follows: [then quoting two or three pages of the report, including the schedules].    Of course such an exception furnishes no information as to what items or charges in the schedules the defendant objects to, and amounts to nothing more than a general exception.    As the counsel on the other side observes, the defendant might as well have excepted to everything the referee found and to everything he did not find, as to except in this manner.    How could counsel on the other side know what item or charge in the account was controverted, or what item or credit it was claimed had been improperly disallowed upon the evidence.    The practice adopted was a most vicious one, and contrary to the decisions of this court, which hold that we will not, on a general exception, attempt to review the evidence or findings unless they are entirely erroneous.    That cannot be said of the findings here, for most of the items in the schedules are undisputed and indisputable.    Therefore an exception "to the allowance of each and all the items mentioned in Schedule A, and the charging of each of them to the defendant," can have no other effect than a general exception to the schedule or statement of the account.    It would be intolerable practice for the court to be required to review evidence upon such an exception.    But, were the exceptions ever so good and specific, we still would not undertake the labor of reviewing the evidence upon the case which has been prepared for us; for the case contains hundreds of folios of testimony immaterial so far as any question arising on this appeal is concerned, and it is not full and accurate as to the items in dispute.    Resort must be had to the manuscript bill of exceptions to ascertain the real facts in respect to these items.    Consequently we shall not attempt to go over the alleged errors in the items charged the defendant

or disallowed him in the accounting, both for the reason that the printed case is imperfect, and because there are no sufficient exceptions taken to enable us to review the evidence in respect to these items, under the rules which have been adopted by this court on that subject. So we affirm, without further remark, the decision of the circuit court, which found that the defendant had, when the firm ceased doing business, the sum of $4,586.73 belonging to the partnership and for which he must account. This disposes of the defendant's appeal, by affirming that part of the judgment from which his appeal was taken.

As to the plaintiff's appeal, the court below found and adjudged that he recover against the defendant judgment for the sum of $3,288.35, the balance of money due him from the firm, and also the sum of $649.19 for his share of the profits, making in the aggregate the sum of $3,937.54, with interest on said balance of $3,288.35 from the date of the report of the referee to the day of the entry of judgment. It is insisted that the plaintiff was entitled to interest on the amount due him from the firm from the date it ceased doing business, February 24, 1879. It is said that the money has been wrongfully withheld from the plaintiff from that time. We are unable to concur in that view as to allowing interest. We think the plaintiff should have interest on the amount found due him from the commencement of the suit, August 18, 1884. This is the more equitable rule, and is more in harmony with our decisions in respect to allowing interest on unsettled accounts. It is said the amount which the defendant owed the firm could have been computed and ascertained the very day it ceased doing business, therefore he ought to be charged with interest from that date. But many items in the partnership account were in dispute, and have remained so to this time, and the account may be said to have been an unsettled one. In *Gilman v. Vaughan*, 44 Wis. 646, this rule is laid down:

that, generally, interest will not be allowed upon partnership accounts until a balance has been struck on settlement between the parties, unless the parties have otherwise agreed or acted in the management of their business. It is not found that there was any agreement as to allowing or charging interest on partnership accounts prior to the ascertainment of the balances; and, as the balance here was uncertain, we think it more equitable to allow interest from the commencement of the suit. No unbending rule can be laid down on this subject, but each case must stand much on its own facts and circumstances. "The allowance or disallowance of interest in taking partnership accounts depends upon the circumstances of each particular case, and cannot be governed by any fixed rules." Note 1, to sec. 182, Story on Partn. So, in this case, we consider it equitable to allow the plaintiff interest from the commencement of the suit, and the judgment of the circuit court must be modified in that regard.

The plaintiff insists that the court erred in not charging the defendant with the two items of $299.60 and $112, received in October, 1876. This money was derived from the sale of stock which *Carroll* owned. The defendant admits the receipt of the money, and that it belonged to *Carroll*, but says he paid it over to him. This the plaintiff denies; but there is a conflict of testimony, and we cannot disturb the finding of the court in reference to it. The same remark may be made about giving the defendant credit for $245.82 under date of November 9, 1876, and also a credit for $621 under date of December 5, 1877. The evidence in regard to these credits is considerably confused, and it is impossible to say that the finding of the referee and court is contrary to the clear weight of testimony.

As to the charge of $317.43, allowed the defendant for the pasturage of the firm stock, the defendant testified that the understanding was that he should have pay for keeping

it. It is not pretended there was any such understanding as to the stock the plaintiff kept. It is true, the plaintiff denies that there was any understanding that either should charge or be paid for pasturage of the firm stock. But here again is a conflict of testimony, which was practically decided against the plaintiff on the hearing, and the account must stand in that particular.

It is further claimed that there was error in not giving the plaintiff a credit for $102.56, under date of April 16, 1878. It is said the plaintiff gave a list of items of his own money that came from rents which were deposited for the benefit of the firm, and which was used by it in its business. We have examined the manuscript bill of exceptions and the bank-book, and find that such a deposit was proven; but whether this item was overlooked by the referee in footing up the various sums we cannot say, and, as error must be shown, we conclude that the account must stand as stated.

But the judgment of the circuit court must be reversed, and the cause remanded with directions to that court to allow the plaintiff interest from the commencement of the suit to the entry of judgment.

*By the Court.*— It is so ordered.