King vs. Town of Farmington.

---

KING, Appellant, vs. TOWN OF FARMINGTON, Respondent.

*March 8 — April 3, 1895.*

(1) *Appeal: Bill of exceptions.* (2) *Highways: Death of horse from de-fect: Special verdict: Inconsistency.*

1. Amendments to a bill of exceptions should be incorporated therein,. and the judge's certificate should follow the bill and unmistakably refer to and authenticate it as a complete whole. For a flagrant violation of these requirements this court, on its own motion, strikes the bill in this case from the record.

2. In an action for the value of a horse whose death was alleged to have been caused by a ridge of ice in the traveled track of the highway, there was no material inconsistency in a special verdict finding, among other things, that the highway was reasonably safe and passable at the place and time of the accident; that the town did not have notice that it was defective a sufficient time before the accident to have made it passable; and that the plaint-iff was guilty of contributory negligence in having his team and load driven over the highway at that point on the day of the ac-cident.

APPEAL from a judgment of the circuit court for Waupaca county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

This is an action to recover damages for the value of a horse alleged to have been killed by the negligence of the defendant town in not keeping a public highway within its limits in suitable repair. The defect alleged in the highway was the accumulation of a mass or ridge of ice in the trav-eled track, several feet deep, leaving the snow at the sides of the ridge in a loose and soft condition, by reason of which

it is charged that the plaintiff's team broke through the said ridge of ice and fell therefrom into the deep snow at the sides thereof, which caused his team to flounder so violently in trying to extricate themselves as to kill the off horse almost instantly. The answer was a general denial, with an allegation of contributory negligence.

A special verdict was rendered by the jury, as follows: (1) Was the place of the accident within a public highway of the defendant town? *A.* Yes. (2) How deep was the snow, or snow and ice, in the traveled track at the place of the accident on the 1st day of March, 1893? *A.* Two feet. (3) How wide was the traveled track at the time and place of the accident, March 1, 1893? *A.* Width of sleigh. (4) Was the snow along the sides of the traveled track soft and lower than the track on the day of the accident? *A.* No. (5) Were the conditions of the track and snow along the sides thereof, and on the 1st day of March, 1893, substantially as they had been for several days or weeks next before the accident, in respect to height and depth of the same and the width of the traveled track? If you answer, " Yes," how long had such conditions existed? *A.* No. (6) Was the highway reasonably safe and passable at the place and time where the accident occurred? *A.* Yes. (7) If you answer the last, the sixth, question, " No," then was the accident caused by the unsafe and impassable condition of said part of the highway? *A.* ——— (8) If you answered the sixth question that the highway was not reasonably passable on the day of the accident, then did the defendant town have notice that it was defective a sufficient time before the accident to have made the same passable, if reasonable diligence had been used in that behalf by the town? *A.* No. (9) Was the Indian crossing road in a reasonably safe and passable condition on the 1st of March, 1893? *A.* Yes. (10) If in answer to the last, the ninth, question, you answer, " Yes," then did the plaintiff know that the Indian

King vs. Town of Farmington.

crossing road was passable, or would he have so known if he had used reasonable diligence to have ascertained? *A.* Yes.  (11) Was the plaintiff guilty of negligence, which directly caused or contributed to the accident, in having his team and load driven over the highway at that point on the day of the accident?  *A.* Yes.  (12) Was the plaintiff's horse killed by reason of the accident?  *A.* No.  (13) What was the fair value of the plaintiff's horse on the day of the accident and prior thereto?  *A.* Sixty dollars.  (14) Should the plaintiff recover in this matter, or should the defendant recover? Which?  *A.* The defendant.

Judgment was entered for the defendant upon this verdict.  The plaintiff appealed.

*Edward E. Browne,* for the appellant.

For the respondent there was a brief by *Goldberg & Hoxie,* and oral argument by *Benj. M. Goldberg.*

WINSLOW, J.   The bill of exceptions in this case does not comply with the requirements of the statutes, nor with the rules of this court.   In the roll of papers supposed to be the bill of exceptions, there appears, first, a certificate by the circuit judge to the effect that the *foregoing* bill of exceptions, including the amendments thereto, was settled April 6, 1894, and that the same contains all the testimony introduced on the trial of the case, and all the exceptions taken.   Following this certificate are the respondent's proposed amendments to the proposed bill of exceptions.   These amendments are sixty-five in number, and cover seventeen typewritten pages, and are followed by a stipulation, signed by the attorneys, that they are thereby made a part of the bill of exceptions with the same effect as if incorporated therein.   Next follows the plaintiff's proposed bill of exceptions, with none of the amendments incorporated therein, and with no certificate, unless the certificate first above mentioned, and which refers to the *foregoing* bill, can be con-

King vs. Town of Farmington.

sidered such. The printed case follows the form and fashion of the alleged bill of exceptions. The proposed bill of exceptions is first printed just as proposed, and the amendments are then printed just as they were proposed, with the stipulations annexed.

It is unnecessary to cite authorities, statutes, or rules to show that the supposed bill is no proper bill of exceptions. It goes without saying that the bill of exceptions should be a single, homogeneous, and complete document. If amendments are proposed and allowed, they should be incorporated in the bill, and the judge's certificate should follow the bill and unmistakably refer to and authenticate it as a complete whole. By the course pursued in this case, we are asked to examine a mass of supposed testimony, and then compelled to plod through sixty-five amendments to ascertain whether that which is previously printed as part of the testimony is in fact the testimony as settled by the circuit judge, or not. We are not required to do this, nor shall we attempt it. Appellants must see that their bills of exceptions are prepared as the law requires, and the trial court should require such preparation before certifying to it. Though no motion has been made to strike out this bill, this court will exercise its power to strike out the bill of its own motion in any case where such flagrant violation of legal requirements in preparation of the bill appears as in the present case. The bill of exceptions is therefore stricken from the record.

. The only question remaining is whether the pleadings and verdict sustain the judgment. It is said that the answers to the eighth and eleventh questions are inconsistent with the answer to the sixth question. We are unable to see any material inconsistency. Discussion of the question does not seem to be necessary.

*By the Court.*— Judgment affirmed.