WARNER, by guardian, Appellant, vs. CUCKOW, Respondent.

*April 23 — May 15, 1895.*

*Appeal: Exceptions to findings of fact: Agency: Accounting.*

| 90 | 291 |
|---|---|
| 93 | 371 |
| 90 | 291 |
| 109 | 683 |
| 90 | 291 |
| 111 | ¹462: |
| 90 | 291 |
| 117 | ¹658 |

1. A general exception to a finding of fact which contains a number of propositions, some of which are undisputed, is insufficient.

2. Where an account forms part of a finding of fact, and no item therein is excepted to, either specially or at large, it will not be examined or disturbed on appeal.

3. In an action for moneys had and received, brought by the owner of a farm against an agent who had managed it for her, the findings of the trial court as to defendant's services and the moneys advanced by him to plaintiff and in the management of her business; as to his good faith; as to his reports to plaintiff of his

doings and her approval thereof; and as to the amount due to de-
fendant. upon the account between them — are *held* to be sup-
ported by the evidence and to sustain the judgment in favor of
the defendant on his counterclaim.

APPEAL from a judgment of the circuit court for Rock
county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Action for money had and received. The plaintiff, in
August, 1885, owned a large farm in the town of Bradford,
Rock county, Wisconsin, which was then in possession of
one Millington, a tenant, to whom it had been leased in the
year 1884 for a term of five years at a rental of $1,000 per
year. In the summer of 1885 the plaintiff resided in London,
England, and continued to reside there until the fall of 1891,
when she returned to Wisconsin. There was a mortgage on
the farm of $5,000, the interest upon which was in arrears.
In August, 1885, the defendant, who owned and lived upon
a farm in Rock county near the farm of the plaintiff, while
in London, England, saw the plaintiff, and at her solicitation
consented to act as her agent to take charge of the farm and
collect rents, under the following written authority: "Lon-
don, Aug. 11th, 1885. I hereby authorize *S. J. Cuckow, Esq.,*
to act for me in my interest, to collect rent from present
tenant on my farm at Emerald Grove, Rock County, Wis-
consin, U. S. A., or to relet said farm on favorable terms in
case of failure or nonpayment of rent in advance as the lease
stipulates, together with all taxes and assessments thereon;
all such rents to be applied towards the liquidation of the
legal claims of Northwestern Insurance Co. of Milwaukee,
secured by mortgage in the year 1891 for the sum of $5,000."
On the defendant's return to America he took charge of the
farm, and continued to act as plaintiff's agent until her re-
turn to this country, in November, 1891. When the defend-
ant took charge of the farm, the tenant, Millington, was in
arrears for rent to the amount of more than $1,000. Milling-
ton had no resources except stock and tools, which were

covered by chattel mortgages. For two or three years the crops were largely a failure, because of lack of rain. The defendant proceeded to collect rents as fast as the tenant was able to pay them, and applied the moneys received to the payment of interest due on the mortgage, and also remitted considerable sums to the plaintiff and her children, at times making large advances from his own means for these purposes. In order to enable Millington to carry on the farm, he was also obliged to make large advances from his own funds to Millington for help, seed, etc.; and he continued to make such advances during the entire time of Millington's tenancy, and at times took chattel mortgages from Millington upon stock and crops to secure himself. An active correspondence was kept up between the plaintiff and defendant, and the plaintiff was frequently advised by the defendant of the situation of affairs, and was informed of the fact that advances had been made by the defendant to the tenant, and she made no objection thereto. After the plaintiff returned to this country, in the fall of 1891, a full account was rendered by the defendant to her, to which she made no objection. The plaintiff claims in this action that the defendant has received and retains $2,750, from rents of the farm and straw sold therefrom, more than he has paid. On the other hand, the defendant, by counterclaim, alleges that there is due to him for services and moneys paid to or for the use of the plaintiff, over and above all sums received, $2,986.83. After the commencement of the action, the plaintiff became and was adjudged mentally incompetent, and a guardian was appointed for her person and her estate, who now prosecutes this action.

Upon the trial, jury was waived, and the plaintiff also waived the making of any direct proof of the allegations of the complaint, whereupon the defendant proceeded to prove his counterclaim. The evidence was confined to that of the defendant and Millington. The court made findings, which,

after finding the undisputed facts as to the ownership of the farm, the tenancy of Millington, and the agency of the defendant, proceeded as follows:

" 6. That, within a short time after the defendant consented and agreed to act as the agent of the plaintiff as aforesaid, he returned to his home in said state of Wisconsin, and at once, and on or about the 1st of November, 1885, commenced, as the agent of the plaintiff, to collect the rent of said land for said plaintiff, and to act for the interest of the plaintiff in collecting her rent and looking after and protecting the interests of said plaintiff; and that the defendant continued, at the request of the plaintiff, to take charge of said farm of said plaintiff and collect rent therefrom until the 1st of December, 1891.

" 7. That during all of the time between the said 1st day of November, 1885, and the 1st day of December, 1891, the said defendant took and had charge of the land of the said plaintiff and collected a large portion of the rent therefor; that during said period he advanced to the plaintiff, at her instance and request, large sums of money for her own use and the use of her children; that during said period of time the said defendant paid out and expended considerable sums of money in and about the care and management of the business of said plaintiff, and in and about said business of said plaintiff, and at her request performed a large amount of work and labor and spent a great amount of time; that, in and about the care and management of the farm and the business of the said plaintiff, the said defendant paid out and expended a large amount of money; that the said defendant has at different times retained out of the money collected by him for the plaintiff various sums of money, but not an amount sufficient to repay to the defendant the amounts advanced, paid out, and expended by him for said plaintiff; and that the statement of account hereto annexed is a correct statement of the amount of money received by the said

defendant, and of the amount paid out by him, and of the services rendered by him, while acting as the agent of the said plaintiff, and in and about the business of said plaintiff, and in the performance of his duties as agent of the said plaintiff, for which he is entitled to compensation.

"8. That, in and about the management and care of the said lands of the plaintiff, the said defendant took and received from the said H. L. Millington, the tenant of said plaintiff, several chattel mortgages, some of which ran to the said plaintiff, and some of which ran to the defendant as the agent of the plaintiff, all of which mortgages were made at the time they severally bear date, and were made in good faith, to secure the amounts due to the said plaintiff for the rent of said lands, except a mortgage bearing date March 30, 1888, to secure the payment of $809.66, $750 of which amount belonged to the said plaintiff, and $59.66 thereof to the said defendant personally, which mortgages were read in evidence on the trial of this action; and that said mortgages were executed in good faith at the time they severally bear date, and were duly filed in the office of the town clerk of the town of Bradford, Rock county, Wisconsin, being the town in which such lands were situated, and the town in which the said H. L. Millington resided, and in which the property described in said mortgages was situated.

"9. That, during all the time in which the defendant acted as the agent of the said plaintiff, the said defendant constantly and frequently advised the plaintiff fully of his acts and proceedings with reference to said land, and of the various sums of money that he had paid out for and to said plaintiff, and to her daughter for the plaintiff, and of the various sums of money received by the said defendant; and that the said plaintiff approved of the acts and doings of said defendant as her agent, and of the receipt and payment of the various sums of money by him, prior to the return of said plaintiff to the state of Wisconsin, in November, 1891.

"10. That in the care and management of the farm of said plaintiff, as her agent, the said defendant exercised the utmost good faith for the benefit and advantage of the said plaintiff, and in all matters and things relating to the management and care of said farm at all times did what he believed to be for the best interests of the said plaintiff.

"11. That the moneys paid out and expended by the said defendant in and about the management and care of said farm, and in the discharge of his duties as such agent, and the services performed by him in the discharge of his said duties, amount to the sum of $6,508.56; that of the said sums so received by the said defendant for and on account of the plaintiff, and retained by him to apply on the account for moneys paid by him to and expended for the plaintiff, as set forth in said statement of account hereto attached, is the sum of $4,749.20, leaving due and unpaid to the said defendant from said plaintiff the sum of $1,759.36, as appears by said statement of account hereto attached; that, at the time of the commencement of this action, there was due and unpaid from the plaintiff to the defendant the sum of $1,759.36; and that the answer of the defendant setting up the counterclaim of the defendant was served on the plaintiff's attorneys on the 26th day of May, 1892.

" And the conclusions of law of said court are that the defendant is entitled to recover of the plaintiff on his counterclaim in said action the sum of $1,759.36, with interest thereon from the 26th day of May, 1892, the date of the service of the answer of the defendant setting up his counterclaim, at the rate of six per cent. per annum, amounting in all to the sum of $1,923.56; and that the defendant is entitled to judgment against said plaintiff for said sum, $1,923.56, and his costs and disbursements in this action to be taxed."

The statement of account referred to in the seventh finding is an itemized account of the defendant's transactions as agent, and is attached to the findings, covering seven pages

of the printed case. The plaintiff filed general exceptions to the sixth, seventh, eighth, ninth, tenth, and eleventh findings of fact, and to the conclusions of law. Judgment for the defendant was rendered as ordered by the findings, and plaintiff appealed.

For the appellant there was a brief by *Sutherland & Nolan*, and oral argument by *T. S. Nolan*.

For the respondent there was a brief by *Jackson & Jackson*, attorneys, and *B. F. Dunwiddie*, of counsel, and oral argument by *A. A. Jackson* and *Mr. Dunwiddie*.

WINSLOW, J. Practically, the only question on this appeal is whether the findings sustain the judgment, and the merest reading of them is sufficient to show that they do sustain it. We say this is the only question, because the exceptions are too general in their nature to raise any other question. Each of the findings excepted to, except perhaps the sixth, ninth, and tenth findings, contains a number of propositions of fact, some of which are undisputed or clearly established by the evidence; and in such case a wholesale exception is of no avail. As to the sixth, ninth, and tenth findings, examination of the record shows them all to be well proven by ample evidence. The seventh finding, with the account which is a part of it, really contains the substance and gist of the whole case. No item of this account is objected to or excepted to either specially or at large, and hence it cannot be examined or disturbed. *Carroll v. Little,* 73 Wis. 52. We may say, in addition, that a perusal of the testimony in the case convinces us that the judgment of the trial court was eminently just.

*By the Court.*— Judgment affirmed.