REINKE, Respondent, vs. WRIGHT, imp., Appellant.

*May 2 — May 22, 1896.*

(1-3) *Appeal: Review of findings: Bill of exceptions: Sufficiency of exceptions.* (4-6) *Promissory notes: Presentment for payment: Insolvency of maker: Waiver by indorser.*

1. The findings of the trial court are reviewable on appeal if the bill of exceptions certified by the trial judge shows that it contains all the evidence in the case material to the questions raised on the appeal; and such showing may be made by a statement either in the bill itself or in the certificate.

2. Exceptions to findings of fact or conclusions of law need not state the grounds thereof.

3. An exception in general language to a finding is sufficiently specific if such finding covers but a single proposition or if all the propositions contained therein are erroneously found.

4. Presentment and demand of payment of a promissory note at the abandoned place of business of the maker is insufficient to charge an indorser, if the maker has another place of business or his place of residence is known or may be ascertained by reasonable diligence.

5. Mere insolvency of the maker of a note does not excuse presentment to him and demand of payment in order to charge an indorser.

6. A note was secured by a chattel mortgage running to the payee but given to protect indorsers. After maturity of the note a part of the mortgaged property was sold, with the consent and approval of an indorser, and the amount realized was indorsed on the note. *Held,* not a payment by said indorser such as would constitute a waiver of presentment of the note to the maker and a demand of payment.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Action to recover on a promissory note for $700, made February 2, 1893, by George A. Vieth and Lucy Vieth, in favor of plaintiff, payable on or before one year from date, on which defendant and appellant, *J. K. Wright,* became an accommodation indorser. The note was secured by a chattel mortgage running to plaintiff, but given to protect the

indorsers. The case was tried by the court. Findings of facts were made in accordance with the above, and that, at the maturity of the note, it was duly presented for paymene, was not paid, and was duly protested for nonpayment; that defendant *Wright* was duly notified of such presentment, nonpayment, and protest; that thereafter part of the mortgaged property was turned over to plaintiff, and sold by him, with the knowledge, consent, and approval of *Wright;* that $200 was realized thereon, which was indorsed on the note.

The facts in regard to the presentment, demand, and protest are as follows: Some time prior to the due date of the note, the makers had a place of business in the city of Marinette, Wisconsin, but before such date it was abandoned. Both of the makers had their places of residence in said city. The note was placed in the hands of the First National Bank of Marinette for collection, and at maturity the bank caused one of its employees, who was a notary, to present it at the former place of business of the makers and there demand payment. No other presentment to or demand of payment of the makers was made. The notary made his certificate of protest, to the effect, among other things, that he presented the note at the place of business of L. Vieth, Marinette, Wisconsin, and demanded payment, which was refused; that written notice was given thereof to the makers and *Wright* by depositing for each of them a copy thereof in the post-office at Marinette, addressed to him at his reputed place of residence, specifying the same. The original notice was made a part of the certificate, and is in the following words, after the caption and date: " Please take notice that I have this day presented a note for seven hundred dollars, with interest from date at seven per cent. per annum, dated at Marinette, Wisconsin, February 2, 1893, payable, on or before one year after date, at Marinette, Wisconsin, made by George A. Vieth and Lucy Vieth, indorsed by *Gustav Reinke*

and *J. K. Wright,* . . . and demanded payment thereof, which was refused, and thereupon I protested the same for nonpayment. I hereby notify you that the holders will look to you for payment thereof, with exchange, re-exchange, damages, interest, and costs."

Judgment was rendered in plaintiff's favor against the makers and the indorser *Wright,* and such indorser appealed.

For the appellant there were briefs by *Greene, Vroman & Fairchild,* and oral argument by *H. O. Fairchild.*

*Thos. R. Hudd,* for the respondent, contended, *inter alia,* that the findings of the circuit court are presumed to be correct when *all* the evidence that was before the circuit judge is not preserved and set forth in the bill of exceptions. *Ripon v. Joint School Dist.* 17 Wis. 84; *Demier v. Durand,* 15 id. 580; *Edmister v. Garrison,* 18 id. 594; *Ehle v. Brown,* 31 id. 405; *Clark v. Plummer,* id. 442; *Daskam v. Beemer,* 64 id. 13; *Davis & R. B. & M. Co. v. Cupp,* 89 id. 673.

MARSHALL, J. The bill of exceptions contained the following at the foot thereof, but not in the certificate of the trial judge: "The foregoing is all the material evidence in the action." The point is raised by appellant that, because the certificate of the judge does not contain the statement that the bill of exceptions contains all the evidence, the findings are not reviewable upon the ground that they are not supported by the evidence, and that the only question before the court is whether such findings are sufficient to support the judgment. The rule is that, if the bill of exceptions certified by the trial judge shows that it contains all the evidence in the case material to the questions raised on the appeal, that is sufficient, whether such showing is made by a statement in the bill or in the certificate made by the judge. *Erdall v. Atwood,* 79 Wis. 1.

The exceptions filed did not state the grounds therefor, and were in the following form: Defendant excepts to the

first finding of fact; to the second finding of fact; to the fourth finding of fact; to the sixth finding of fact; to the ninth finding of fact, etc.; and to so much of the first conclusion of law as finds plaintiff is entitled to judgment against defendant *Wright;* — and it is contended that such exceptions are too general to preserve any questions for review on this appeal. It is not necessary to state grounds of exceptions to findings of fact and conclusions of law. It is sufficient to point out the particular findings and conclusions excepted to, so that the court can see what the appellant desires to have reviewed. When the finding covers a single proposition, an exception in general language is sufficiently specific though no ground is stated. If it contains several, some of which are found correctly and some not, then such an exception is deemed general, and not available on appeal. The court, in such a case, will only go far enough to see that one proposition of fact included in the exception is not subject thereto. If all the propositions covered by the finding, however, are erroneously found, then the general exception thereto is sufficiently specific to be available to present such propositions for review to the appellate court. Such is the practice, as settled by many adjudications in this court. *Gilman v. Thiess,* 18 Wis. 528; *Musgat v. Wybro,* 33 Wis. 515; *Paggeot v. Sexton,* 23 Wis. 195; *Gillett v. Wis. C. Co.* 44 Wis. 463; *Dean v. C. & N. W. R. Co.* 43 Wis. 305; *Kessler's Estate,* 87 Wis. 661; *Globe Milling Co. v. Boynton,* 87 Wis. 619; *Warner v. Cuckow,* 90 Wis. 291; *Carroll v. Little,* 73 Wis. 52. Testing the exception to the ninth finding of fact by the foregoing rule, it is found to be sufficient. While such finding may be said to join several propositions, they all relate to the steps requisite to charge the defendant *Wright* as indorser, and such finding is all wrong. Hence, the exception thereto presents the question of its correctness for review on this appeal.

It is not seriously contended that the presentment and

demand of payment at the door of the abandoned place of business of the makers was sufficient. The rule is elementary that if, prior to the maturity of the note, the maker abandons his place of business, if he has another, or his place of residence is known or may by reasonable diligence be ascertained, presentment and demand of payment must be made at such new place of business, or such place of residence, and that the presentment at the old place is insufficient. Daniel, Neg. Inst. § 637, and cases cited. But it is contended that presentment and demand in this case are excused because the makers were insolvent, and counsel for respondent on this subject cite Tiedeman, Comm. Paper, § 358, note 5, to the proposition that, where the maker has absconded or is insolvent, presentment is unnecessary; but such is not the law as laid down by Tiedeman. On the contrary, the text is, " If the maker has absconded, especially if he is insolvent, presentment is not necessary anywhere, not even at the old place of business." To the same effect is Daniel, Neg. Inst. § 1144, and cases there cited. The rule, to which there is no exception, is that mere insolvency does not excuse presentment to the maker and demand of payment. The fact that the drawer will suffer no injury or wrong in case of default in the presentment is not sufficient excuse, whether because there are no funds in the drawee's hands or on account of the bankruptcy or insolvency of the maker occurring before maturity. Tiedeman, Comm. Paper, § 366, and cases cited.

It is further claimed that there was a payment made by the indorser after the maturity of the note, and that such fact constitutes a waiver of presentment to and demand of payment of the maker, under the rule recognized in *Knapp v. Runals*, 37 Wis. 135. The evidence does not show any payment made by the indorser. Such rule is applicable only where the indorser makes some payment under such circumstances as to recognize his liability as an indorser.

Payment under such circumstances constitutes *prima facie* evidence that the indorser was duly charged by a proper presentment, demand, protest, and notice. Here the only payment made was $200, realized out of the mortgaged property, which was in no sense a payment by appellant.

The finding of the circuit court, to the effect that the note was duly presented for payment, and that the appellant is liable as an indorser, is contrary to the law and the evidence.

*By the Court.*— The judgment of the circuit court is reversed as to appellant, *J. K. Wright,* and the cause remanded with directions to render judgment in his favor.