Rooney, Plaintiff in error, vs. The State, Defendant in error.

*May 24—June 20, 1901.*

*Appeal and error: Record: Bill of exceptions.*

1. Papers purporting to be a bill of exceptions, filed in this court but not attached to the record nor bearing the certificate of the clerk of the trial court, cannot be considered.

2. In the absence of a certificate of the trial judge that the bill of exceptions contains all the evidence, it will be presumed that there was sufficient evidence to sustain the verdict.

Error to review a judgment of the municipal court of Milwaukee county: Emil Wallber, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Churchill & Donovan,* and oral argument by *John F. Donovan.*

For the defendant in error there was a brief by the *Attorney General,* and oral argument by *C. E. Buell,* first assistant attorney general.

Winslow, J. The plaintiff in error was convicted in the municipal court of Milwaukee county of an assault upon one Krueger with intent to kill and murder, and was sentenced to imprisonment for fifteen years, and has sued out a writ of error. The only error alleged is that the evidence was insufficient to show that the plaintiff in error was in any way connected with the alleged crime. We cannot consider this question, for the reason that there is no bill of exceptions in the record. The record returned upon the writ

Rooney vs. The State.

consists simply of the record of the preliminary examination, the warrant of arrest, the information, the judge's charge, and a copy of the minutes of the trial court. It is true that there appears to be on file a bundle of papers purporting to be a bill of exceptions in the case, but it is not attached to the record, nor does it bear the certificate of the clerk of the trial court. We cannot, therefore, consider it. It is a mere fugitive paper. Even were we to consider it as a bill of exceptions, it would avail the plaintiff in error nothing, because there is no certificate or statement of the trial judge that it contains all of the evidence, and, in the absence of such a certificate, the rule is familiar that it will be presumed that there was sufficient evidence to sustain the verdict.

We should have been spared considerable labor had our attention been called to the condition of the record by the attorney general upon the argument of the case, but we were left to ascertain the facts by our own investigations. It is the duty of the law officers representing the state to make careful examination of the record returned upon a writ of error, in order to see what questions it presents. This court should hardly be required to make such examination in addition to its other duties, which of themselves are sufficiently onerous.

*By the Court.*— Judgment affirmed.