Goodhue, Respondent, vs. Bohen, Appellant.

*March 25—June 10, 1904.*

*Appeal: Insufficient return: Bill of exceptions: Certificates.*

1. The record filed in this court being in violation of sec. 3050,
   Stats. 1898, and Supreme Court Court Rule VII½, and it being
   impossible to determine therefrom what is, and what is not,
   included in the bill of exceptions, and no sufficient excuse
   therefor being shown, the appeal is dismissed.

2. A certificate of the clerk of the trial court that the papers transmitted to the supreme court are the original and all the papers on file in the case, is not a compliance with sec. 3050, Stats. 1898, requiring the clerk to send the judgment roll, etc., certifying them to be the originals.

3. Whether the certificate of the trial judge to the bill of exceptions that it contains "all the testimony on both sides necessary to present the questions of law raised upon the trial" shows that it contains all the evidence material to the questions raised on the appeal, doubted.

APPEAL from a judgment of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Dismissed.*

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

The following opinion was filed April 19, 1904:

DODGE, J. We find ourselves wholly unable to reach the merits of the judgment brought up on this appeal, owing to the almost unprecedented confusion in the record. That record consists of a quantity of papers all bound together, and indorsed, "Appeal to the Supreme Court," comprising 256 pages, with a certificate from the clerk that they are the original and all the papers on file in his office in the above-entitled case. We find amongst them the record proper, apart from the bill of exceptions, consisting of process, pleadings, verdict, and judgment, together with notice of appeal and undertaking. Separated from these by a miscellaneous mass of papers, aggregating some 140 pages, we come to a document entitled in the cause, filed December 3, 1903, and commencing, like an ordinary bill of exceptions: "Be it remembered that this action, being at issue and on the calendar, was brought to trial at the March term." That document contains ten pages, consisting mostly of specific objections to evidence and rulings of the court thereon, and of exceptions to instructions and to the overruling of a motion for new trial. It is certified by the circuit judge as the bill of ex-

ceptions, which certificate declares that the "foregoing is all the testimony, on both sides, necessary to present the questions of law raised upon the trial." As a separate paper, attached to that, appears a quantity of amendments, twenty-three in number, proposed by the respondent's attorneys, with the order of the court appended thereto allowing the same "as a part of the bill of exceptions [thereto attached], and making them a part of the bill of exceptions." The intervening papers between the record proper and this apparent bill of exceptions consist of certain proceedings under an execution against the body of the defendant and for discharge by reason of poverty; of copies of pleadings; of many disconnected sheets, apparently the testimony given on some occasion, reduced to narrative form, headed "Evidence"; a series of copies of depositions, with the notices and certificates pertaining thereto, of which originals also appear in the earlier part of the mass; also of a paper headed "Judge's Charge." None of these have any mechanical annexation to the judge's certificate, any more than have the original pleadings or the notice of appeal. Further, it appears that by the amendments allowed as above stated a large number of exhibits were added to the bill of exceptions. We find nothing of the sort in the bundle above mentioned, but incidentally do find loose and fugitive papers, presumably sent here by the clerk of the circuit court, of which fact however there is no certainty; among them an envelope marked in typewriting, "This envelope contains exhibits Nos. 1, 2, 3, 10, 11, 12, 13, 14, 15, and 16," with nothing to indicate who wrote such memorandum. We also find a fugitive paper marked "Requests," presumably requests for instructions, and a newspaper, inclosed in a stamped wrapper, addressed to the clerk of court of Winona, and bearing the notation, "Exhibit 3— A. H. Rep."

This record is in most complete defiance of sec. 3050, Stats. 1898, and of Supreme Court Rule VII½, regulating what

shall be sent to this court upon an appeal. Sec. 3050, commands the clerk to send the judgment roll, with the notice of appeal and undertaking, certifying them to be the originals. This is infringed, for we have no certificate from the clerk that we have the judgment roll before us; merely all the papers on file. Rule VII½ authorizes, as an addition to the judgment roll, the opinion of the court and any order material to the appeal, and also provides that the record "shall not be accompanied by any affidavit, account, document, writing or other matter, not constituting a part of the record proper or made such by the bill of exceptions." This prohibitory portion of Rule VII½ is disobeyed to the extent of all the original depositions, proceedings upon execution against the body, and many other things. The serious practical difficulty, however, is that there is absolutely no way to know what is brought into the record or judgment roll by being incorporated into the bill of exceptions. If the document above mentioned which commences like a bill of exceptions is what the judge intended to certify, then we have before us but a very trifling part of the evidence which is printed in the case and referred to in both the briefs, and none of the exhibits nor the charge to the jury. If, however, we are urged to assume that the intervening papers between the record proper and this bill of exceptions have at some time been attached thereto, we are confronted by the fact that such papers include copies of the pleadings, which have no place in any bill of exceptions, copies *in extenso* of depositions which are in defiance of the requirement that the bill of exceptions shall contain only an abstract of evidence, and many other things wholly inconsistent with the theory that in proper practice they could have been a part of that general document. In *King v. Farmington,* 90 Wis. 62, 62 N. W. 928, this court had occasion to deal with a pretended bill of exceptions presenting but a very few of the defects and ambiguities which

characterize this one, and we desire to call attention of counsel to what was then said:

"It goes without saying that the bill of exceptions should be a single, homogeneous, and complete document. If amendments are proposed and allowed, they should be incorporated in the bill, and the judge's certificate should follow the bill and unmistakably refer to and authenticate it as a complete whole. By the course pursued in this case, we are asked to examine a mass of supposed testimony, and then compelled to plod through sixty-five amendments to ascertain whether that which is previously printed as part of the testimony is in fact the testimony as settled by the circuit judge, or not. . . . Appellants must see that their bills of exceptions are prepared as the law requires, and the trial court should require such preparation before certifying to it. . . . This court will exercise its power to strike out the bill of its own motion in any case where such flagrant violation of legal requirements in preparation of the bill appears as in the present case. The bill of exceptions is therefore stricken from the record."

Apart from considerations of improper diversion of the time of the court, it is impossible in the present case to know what is, and what is not, included in this bill of exceptions. We cannot ascertain what the circuit judge has certified to have occurred on this trial. We might as well dispense with certified bills of exceptions and accept narratives or affidavits made by counsel or parties. But even the certificate to the bill is of doubtful sufficiency. Can we assume that "all the testimony on both sides necessary to present the questions of law raised on the trial" is equivalent either to all the evidence given, including documents, or all the evidence material to the questions raised on the appeal? *Reinke v. Wright,* 93 Wis. 368, 67 N. W. 737.

The practice in this case is so flagrantly bad that we are strongly moved to repeat the drastic penalty applied in *King v. Farmington.* Desiring, however, as far as possible, to yield

to all litigants the hearing and justice which it is the policy of the constitution and laws that they should receive in this court, we have decided, before applying the penalty, of which warning was given nearly ten years ago by the enactment of Rule VII½, that we will give to appellant's counsel an opportunity, if he so desires, to present a motion showing what, if any, excuses he may have for his defaults in this respect, and asking that he may be relieved from the ultimate penalty and given an opportunity to withdraw this record, in order that it may be made up in such form that this court may properly receive and consider it.

*By the Court.*—Ordered, that the appeal be dismissed, unless within thirty days from this date the appellant shall present, on due notice, a motion for leave to withdraw and correct the record, and shall abide the further order of this court thereon.

A motion by the appellant to withdraw the record for correction was denied May 10, 1904, and on June 10, 1904, the appeal was dismissed with costs.