SHANNON, Respondent, vs. DORSINSKI, Appellant.

*November 29—December 13, 1907.*

*Appeal: Record: Bill of exceptions: Questions presented: Briefs: Order of argument: Equity: Pleading: Complaint: Objection to evidence: Waiver: Injunction: Repeated trespasses; Evidence: Collateral issues: Relevancy and materiality.*

1. Where a bill of exceptions neither states that it contains, nor is certified to contain, all the evidence, and contains no exceptions to the findings, the supreme court is precluded from inquiring whether the findings are supported by the evidence, and is confined to the question whether the pleadings and findings sustain the judgment.

2. The presentation of the argument in a brief with no attempt to follow the regular order of assignment of errors is disapproved.

3. Oral objection to the admission of any evidence under a complaint in an action in equity does not raise the question whether the complaint shows that the plaintiff has an adequate remedy at law.

4. In an action in equity to enjoin repeated trespasses in going upon and traveling over a piece of land formerly a highway, but prior to such trespasses discontinued by order of the town board, it is *held* to have been proper to receive in evidence the order discontinuing the highway.

5. In such case an offer to prove that some other highway was not regularly laid out, although it was opened and in existence, is *held* to have been properly rejected as involving the trial of a collateral issue and as irrelevant and immaterial.

6. In such case testimony concerning the manner of posting notices of the meeting to discontinue the highway in question and their service is *held* to have been properly admitted.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The appeal is from a judgment rendered in a suit in equity brought to enjoin the defendant from repeated trespasses in going upon and traveling over a piece of land formerly a highway, but prior to such trespasses discontinued by order of the town board.

The cause was submitted for the appellant on the brief of *Finucane & Conway,* and for the respondent on that of *Henry Hay.*

TIMLIN, J.    There is a bill of exceptions which neither states that it contains, nor is certified to contain, all the evidence, and which contains no exceptions to the findings of the trial court.   In such case, because we have no assurance that the bill of exceptions contains all the evidence, we are precluded from inquiring whether the findings are supported by evidence. *Rooney v. State,* 111 Wis. 125, 86 N. W. 547; *Reinke v. Wright,* 93 Wis. 368, 67 N. W. 737; *Erdall v. Atwood,* 79 Wis. 1, 47 N. W. 1124.   Because of the absence of exceptions to the findings, we are also confined to the question whether the pleadings and findings sustain the judgment.   Sec. 2870, Stats. (1898), and notes.   Thus most of the errors assigned by appellant become impotent.

The appellant assigns error because the court below overruled his objection at the beginning of the trial to any evidence under the complaint and error in admitting the order discontinuing the highway in evidence, and also in sustaining an objection to the defendant's offer to prove by the records of the town of Elton that there was no regularly laid out highway on the eighth line of section No. 3, or on the east side of defendant's land, and also in sustaining objections to the questions put by the defendant's counsel with reference to the manner in which notices of the meeting to discontinue the highway were posted and served.   These alleged errors we may consider.   .

It is said in appellant's brief that no attempt had been made in the argument to follow the regular order of assignment of errors.   This is not a form of presentation to be approved, but, going through the argument, the only ground assigned in support of the claim that the objection to evidence under the complaint should have been sustained is that the

complaint shows that the plaintiff had an adequate remedy at law. This question cannot be raised by oral objection to the admission of any evidence under the complaint. *Siedschlag v. Griffin,* 132 Wis. 106, 112 N. W. 18; *Hoff v. Olson,* 101 Wis. 118, 76 N. W. 1121; *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 73 N. W. 788; *Becker v. Trickel,* 80 Wis. 484, 50 N. W. 406; *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Sweetser v. Silber,* 87 Wis. 102, 58 N. W. 239.

We perceive no valid objection to the reception in evidence of the order of the supervisors discontinuing the highway. The attempt to prove that some other highway was not regularly laid out, although it was opened and in existence, was properly rejected as involving the trial of a collateral issue and because irrelevant and immaterial. This evidence was offered to show that the defendant at the time of vacating the highway in question had no other means of exit. Even though the other highway was not regularly laid out it was open and in use, and that was as far as the matter was relevant in the instant case. The testimony admitted concerning the manner of posting the notices of the meeting to discontinue the highway in question and serving the same was properly admitted, and no argument or authority is found to the contrary in the brief of appellant. The pleadings and findings support the judgment, and the judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.