ESTATE OF HANSON: LARSON, Executor, Appellant, vs. JACOT, Respondent.

*April 11—May 9, 1922.*

*Appeal from county court: Failure to except to findings: Effect.*

1. Under sec. 2870, Stats., requiring exceptions to findings in the circuit court, and sec. 4043c, conforming the practice in county courts and on appeal therefrom to the supreme court to the practice in the circuit court, where the bill of exceptions does not contain exceptions to the findings made by the county court the sufficiency of the evidence to support them cannot be reviewed.

2. In the absence of exceptions to the findings the only question reviewable is whether the pleadings and findings support the judgment.

APPEAL from a judgment of the county court of Eau Claire county: GEORGE L. BLUM, Judge. *Affirmed.*

The appeal is from a judgment allowing the claim of the respondent at the sum of $803.50.

*A. C. Larson* of Eau Claire, for the appellant.

*Joseph W. Singleton* of Eau Claire, for the respondent.

DOERFLER, J. The court, among other things, substantially found that the claimant was a married woman and a niece of the deceased; that from the 1st of April, 1916, until the 4th day of July, 1920, claimant performed work and labor for the deceased, consisting of cleaning and scrubbing the premises occupied by him, of keeping his house in order, of doing his mending and washing, and of furnishing him with meals, all of which, at the price charged by the claimant, amounted to the above sum, which sum the court found constituted a reasonable charge; that during the time the things above referred to were done and the meals furnished, claimant was not a member of deceased's household, but occupied separate and distinct apartments with her husband and family; that the circumstances under which the work and labor were performed and the meals furnished

were not such as to raise a presumption of gratuity, and that, assuming that such presumption were proper in the case, the presumption was fully rebutted; that the husband of the claimant relinquished any claim he might have by reason of such labor so performed and meals so furnished, in favor of his wife; and it further does not appear from the evidence that the husband has made or filed a claim for such services or meals.

Appellant's assignment of error raised two questions: 1. Whether such services were performed and whether such meals were actually furnished; and 2, whether the claimant, being a married woman, is entitled to recover for such services and for such meals, and whether any amount due on account thereof belongs to and is the property of claimant's husband.

No exceptions were filed to any of the findings of the trial court. Sec. 4043c, Stats., provides:

"In all matters not otherwise provided for, relating to appeals from county courts to the supreme court, and jury trials in county courts, the law and rules of practice relating to circuit courts shall govern and control."

Sec. 2870 provides for the making and filing of exceptions to findings of fact or conclusions of law in the circuit court.

In *Shannon v. Dorsinski*, 134 Wis. 68, 114 N. W. 129, it was held that, where a bill of exceptions does not contain exceptions to findings, the evidence to support them cannot be reviewed. See, also, *Momsen v. Atkins*, 105 Wis. 557, 81 N. W. 647.

Where there are no exceptions, the only question is whether the pleadings and findings sustain the judgment. *Ottillie v. Wæchter*, 33 Wis. 252; *Blossom v. Ferguson*, 13 Wis. 75; *Thomas v. Mitchell*, 27 Wis. 414; *Newton v. Williams*, 94 Wis. 222, 68 N. W. 990. In all such cases a finding of fact will be considered on appeal as a verity. *Hallam v. Stiles*, 61 Wis. 270, 21 N. W. 42.

Under the statutes and decisions above cited, therefore,

the findings of fact of the trial court must be considered a verity, and the only question which is brought to this court on appeal, under the circumstances, is whether the findings of fact sustain the judgment. This question must be answered in the affirmative.

However, we have examined the evidence contained both in the printed case and in the record, and are satisfied that there is ample evidence to support the findings and that substantial justice has been done. Therefore the judgment of the trial court must be affirmed.

*By the Court.*—It is so ordered.